PEOPLE v. PISONI.

SAME v. SMITH.¹

1. CRIMINAL LAW—PLEA OF GUILTY MAY BE WITHDRAWN AT DISCRETION OF TRIAL COURT.

In a prosecution for violation of the prohibition law, after defendants had pleaded guilty it was within the discretion of the trial judge whether they should be permitted to withdraw said pleas if they were entered freely and voluntarily with a full understanding of the accusation and of the effect of it.¹

2. SAME—CONSTITUTIONAL LAW—ACCUSED HAVE RIGHT TO COUNSEL ALTHOUGH PLEADING GUILTY.

Under section 19, Art. 2, of the State Constitution, accused have the right to have counsel even though they had pleaded guilty.²

3. SAME—JUDGMENTS ON PLEA OF GUILTY REVERSED WHERE ACCUSED DENIED COUNSEL.

Although the trial judge, after defendants had pleaded guilty of violating the prohibition law, discharged his duty to them under 3 Comp. Laws 1915, § 15830, by giving

¹Criminal Law, 16 C. J. § 728; ²Id., 16 C. J. §§ 738, 2076.

them an examination and explaining to them the nature and effect of the accusation, he was in error in refusing their request to be allowed to have counsel, and, therefore, the judgments are reversed and defendants given an opportunity to plead anew.[3]

Error to St. Clair; Tappan (Harvey), J.   Submitted October 15, 1925.   (Docket Nos. 120, 121.)  Decided January 28, 1926.

Frank Pisoni and John Smith were convicted of violating the liquor law, and sentenced to imprisonment for not less than six months nor more than one year in the State prison at Jackson.   Reversed.

*Anthony Maiullo,* for appellants.

BIRD, C. J.   Defendants were arrested on April 11, 1924, in St. Clair county for a violation of the prohibition law.   The arrest was made upon private property and without warrant.   A search was made without a search warrant and a quantity of beer seized.   The same day defendants were taken before a justice of the peace and charged with illegal possession of 20 cases of beer.   They pleaded guilty to the charge and later the same day they were taken into the circuit court before the Honorable Harvey Tappan and arraigned on the same charge, to which defendants pleaded guilty.

The defendants were remanded to jail and on the following day, April 12th, Mr. William J. Donovan, an attorney of Detroit, requested permission of Judge Tappan to interview defendant Pisoni.   This request was refused as well as a like request made two days later on April 14th.   Mr. Anthony Maiullo, an attorney of Detroit, employed by Pisoni's sister, called at the jail and requested permission to interview Pisoni but was informed that he would first have to

[3]Criminal Law, 17 C. J. § 3575.

have an order from the circuit judge.    This order
was obtained from Judge Law.    When it was pre-
sented at the jail he was sent back to Judge Law who
informed him that Judge Tappan must be seen before
Pisoni could be interviewed.    Mr. Maiullo saw Judge
Tappan who explained that the defendants had pleaded
guilty and no one could see them lest they changed
their pleas to "not guilty" and put the county to the
expense of a trial.

On Wednesday, April 16th, the defendants were
taken before the circuit court, Judge Tappan presid-
ing.    Attorneys Donovan and Maiullo renewed their
requests to interview defendant Pisoni.    These re-
quests were refused and then they made statements in
open court of what efforts they had previously made
to interview Pisoni, presumably to make a record to
present to this court.    The defendants were interro-
gated in open court and asked if they desired to change
their pleas to "not guilty.".    They responded that they
did, and they further stated that they had been denied
permission while in jail to communicate with their
families or with counsel.

On this day, before defendants were sentenced, Mr.
Walsh, an attorney of Port Huron, addressed the court,
in part, as follows:

"I desire to state upon the record that yesterday
about 5 o'clock I was interviewed by the brother of
the respondent, Frank Pisoni, and some others in-
terested in his behalf, and was asked to interview the
respondent and advise with him.    The claim was made
to me that he was a man who is not at all versed in
legal matters, with only a poor knowledge of English,
and that it was reported that he had plead guilty and
that his family felt that some one should advise with
him so that they might be assured that he fully under-
stood all of the circumstances and that whatever plea
he might make would be made freely and voluntarily,
in view of the circumstances, including possible
punishment."

This request was refused.    Mr. Walsh then requested permission be granted to Pisoni's brother to interview him.    This request was refused.    The court, after some further proceedings, sentenced the defendants.    Before doing so, however, he said in part, as follows:

"Well, I do not think it is the duty of the court to accept this request at this time.    There could not be anything plainer at all; both these parties understood thoroughly and understood everything that was said to them, pains were taken with them and they plead guilty here and I am going to sentence them.

"I have not only got the statement with reference to the manner in which the beer was obtained from each of the defendants, carefully inquired into that and also from Mr. Babcock (the officer), he corroborates their statements as to how they obtained the beer. Not only that, but I took pains to have the county chemist analyze the beer and it shows a 5.3 per cent. alcohol or more.    All that pains has been taken.    I am not going to accept the change of plea in this case."

After defendants had pleaded guilty it was within the discretion of the trial court whether they should be permitted to withdraw them, if the pleas were entered freely and voluntarily with a full understanding of the accusation and of the effect of it.    12 Cyc. p. 350; 8 R. C. L. p. 111; *People* v. *Merhige,* 212 Mich. 601.

Following the pleas of guilty the trial court gave them an examination.    He shows that he explained to the defendants the nature of the accusation and the effect of it.    He explained to them that they were entitled to a jury trial if they chose to have it.    He also made an investigation of the circumstances under which they were apprehended, and also investigated the alcoholic content of the beer seized, and so far as we can see he discharged his duty under 3 Comp.

Laws 1915, § 15830, and we should be very loth to disturb the court's discretion were it not that he entirely overlooked the fact that defendants had not been accorded their constitutional rights. The defendants had certain rights, even though they had pleaded guilty, and it was the duty of the court to see that they were observed. *O'Hara* v. *People,* 41 Mich. 624. The Constitution provides:

"In every criminal prosecution the accused shall have the right * * * to have the assistance of counsel for his defense." * * * Article 2, § 19.

The trial court does not say that he advised them that they were entitled to counsel, and there is no evidence that they waived it, and there is proof that they requested permission of the sheriff to see counsel and the right was denied to them.

In a similar case where the accused was called upon to plead before he had advised with counsel, the supreme court of Kansas said in part:

"We think the court below, upon this showing, should have sustained the motion, and permitted the defendant to withdraw the former pleas of guilty entered against him by the police judge. All fairness should be accorded to a defendant in a criminal case, in every stage of an examination or trial. No advantage should be taken on account of his being in court without counsel. It should always be one of the first duties of a court, where a defendant is charged with a crime and is about to be called upon to plead, to inquire whether he has or is able to procure counsel; and if not, and he desires it, to see that he has an attorney to represent him. When a plea of guilty has been entered against a defendant who is without counsel, and there is a question as to whether he intended to plead guilty, the court should permit the withdrawal of such plea in furtherance of the substantial rights of the defendant." *City of Salina* v. *Cooper,* 45 Kan. 12 (25 Pac. 233).

See, also, *Gardner* v. *People*, 106 Ill. 76; 1 Bishop on Criminal Procedure (2d Ed.), § 301.

When one is accused of crime and apprehended, the law contemplates that he will be given an opportunity to advise with counsel before and after being called upon to plead, and, further, that he will be given opportunity at reasonable times to consult with his family or relatives. While the trial court appears to have done his duty in respect to advising them of the nature of the accusation, and the effect of their pleas, his order to the sheriff prevented them from being accorded their constitutional rights to consult counsel.

For this reason the judgment will be vacated and set aside and defendants will be given an opportunity to plead anew. *People* v. *Merhige*, 212 Mich. 601.

SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.

Justice MOORE took no part in this decision.