PEOPLE v. STREET.

1. CRIMINAL LAW—PLEA OF GUILTY—INVESTIGATION BY JUDGE.
    When any person pleads guilty to a charge of crime, the trial
    judge has the duty to make an investigation of all the circum-
    stances of the plea to ascertain whether it was freely made,
    with the full knowledge of the nature of the accusation and
    without undue influence, and if the judge has reason to doubt
    the truth of such plea, he must vacate it *sua sponte* and direct
    a plea of not guilty to be entered and order trial of issue thus
    formed (3 Comp. Laws 1929, § 17328).

2. SAME—WITHDRAWAL OF PLEA OF GUILTY.
    An accused may withdraw his plea of guilty prior to trial and
    substitute one of not guilty, whereupon the former plea is
    eradicated.

3. SAME—PROSECUTOR'S COMMENT ABOUT PREVIOUS PLEA OF GUILTY.
    In prosecution for statutory rape, prosecuting attorney's com-
    ment in his opening argument that testimony would show
    that accused had pleaded guilty on a date set for the trial
    *held*, ground upon which defendant's motion for mistrial
    should have been granted as a judge's attempted extirpation
    of such comment would be likely to make more of an impres-
    sion of it upon the average juror.

Appeal from Shiawassee, Collins (Joseph H.), J.
Submitted January 12, 1939. (Docket No. 94, Cal-
endar No. 40,048.) Decided April 4, 1939.

Robert W. Street was convicted of statutory rape.
Reversed and new trial granted.

*Pliny W. Marsh,* for appellant.

*Thomas M. Read,* Attorney General, and *V. O.
Braun,* Prosecuting Attorney, for the people.

BUTZEL, C. J.  Defendant was convicted of statutory rape.  When the case was reached for trial, defendant on motion was permitted to substitute a plea of guilty for one of not guilty.  According to the affidavits of respondent's former counsel and his present counsel filed in support of a motion for a new trial, defendant was advised that because of his nonresidence in the city of Owosso, where the crime was alleged to have been committed, and also because of the residence of the complaining witness in Owosso and the effect of her testimony on the local jury on a charge of this nature, he would probably be convicted and that a much severer sentence would follow than if he pleaded guilty.  Pursuant to such advice and notwithstanding his protestation of innocence, he withdrew his plea of not guilty and entered one of guilty.  However, a few days later, after consultation with his present counsel, he requested that he be permitted to withdraw his plea of guilty and reinstate or substitute one of not guilty.  This request was subsequently granted and the case continued over the term.  No record of this proceeding appears except the calendar entry of September 20, 1937, which reads: ''Entered plea not guilty.''

The case came on for trial sometime later and in his opening statement the prosecutor stated to the jury that testimony would show that a date was set for the trial and that at such date defendant pleaded guilty.  Defendant's counsel immediately asked that, because of the statement of the prosecutor, the court declare a mistrial.  The court denied the motion.  The jury was thereupon excused and a colloquy ensued between court and counsel.  The court again refused to declare a mistrial but, when the jury was recalled, instructed the jury that

they were not to consider whether defendant did or did not plead guilty, that if he did plead guilty, he had a perfect right to withdraw such plea, that the former plea should not prejudice the jury in any way, and that defendant had a right to a fair trial on the evidence that would be introduced.

Under 3 Comp. Laws 1929, § 17328 (Stat. Ann. § 28.1058), when any person pleads guilty, it shall be the duty of the judge to investigate all the circumstances of the plea and ascertain whether it was freely made, with the full knowledge of the nature of the accusation, and without undue influence. If the judge has reason to doubt the truth of such plea of guilty, it becomes his duty *sua sponte* to vacate it and direct a plea of not guilty to be entered and order a trial of the issue thus formed.

No question is raised as to defendant's right to withdraw his plea of guilty prior to trial and to substitute one of not guilty. *People* v. *Pisoni,* 233 Mich. 462; *People* v. *Piechowiak,* 278 Mich. 550; *People* v. *Wexner,* 280 Mich. 696. The entry of the latter plea must be held, consequently, to have eradicated the former plea which thereupon stood for naught. *Kercheval* v. *United States,* 274 U. S. 220 (47 Sup. Ct. 582).

The former plea should never have been commented on by the prosecutor. In *People* v. *Gould,* 70 Mich. 240 (14 Am. St. Rep. 493), it was held not to have been error to show defendant's previous plea of guilty to corroborate confessions of guilt made by him to a number of people. It is clear that the plea was there regarded as a real and not merely formal confession of guilt because of the surrounding circumstances under which it was made. The holding, as the court there indicated, must be interpreted strictly with reference to those sur-

rounding circumstances. The situation before us is different. As was said by Mr. Justice Butler in *Kercheval* v. *United States, supra:*

"The withdrawal of a plea of guilty is a poor privilege, if notwithstanding its withdrawal, it may be used in evidence under the plea of not guilty."

See, also, *People* v. *Ryan,* 82 Cal. 617 (23 Pac. 121) ; *State* v. *Anderson,* 173 Minn. 293 (217 N. W. 351) ; *Dean* v. *State,* 72 Tex. Cr. 274 (161 S. W. 974). It would still remain a poor privilege if the prosecutor could comment upon such former plea.

While it is impossible to analyze the processes of the human mind, we cannot say that the jury was not impressed with the statement that defendant had previously pleaded guilty. No matter how great an effort a juror might make not to let it prejudice him, the statement was of such a nature that it could not be eradicated from the average juror's mind by instruction of the judge. See *People* v. *Hunter,* 218 Mich. 525 ; *People* v. *Ruggero,* 223 Mich. 368 ; *People* v. *Cowles,* 246 Mich. 429.; *People* v. *Kolowich,* 262 Mich. 137. In fact, the more the judge discussed the plea, the more the average juror would be impressed with it. A mistrial should have been declared.

Other alleged errors having any merit are not apt to arise again on a new trial and need not be commented upon.

The judgment of conviction is reversed and a new trial ordered.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.