PEOPLE *v.* ROBERSON

1. CONSTITUTIONAL LAW—EQUAL PROTECTION—ADULTS—INFANTS.
   Equal protection of the law exists for minors as well as adults
       (US Const, Am 14; Const 1963, art 1, § 2).

2. CRIMINAL LAW—INFANTS—YOUTHFUL TRAINEE STATUS—REVOCA-
   TION.
     A juvenile offender is entitled to a copy of the charges that he
         violated his status as a youthful trainee and to a hearing
         thereon before his youthful trainee status may be revoked
         since a juvenile offender is entitled to the same rights of
         notice and hearing as an adult probationer (MCLA §§ 762.11
         *et seq.,* 771.4).

Appeal from Muskegon, Albert J. Engel, J. Sub-
mitted Division 3 March 5, 1970, at Grand Rapids.
(Docket No. 7,198.) Decided March 26, 1970.

Lonnie Roberson pleaded guilty to forgery and
was assigned the status of a youthful trainee. His
status as a youthful trainee was revoked and he
was sentenced to prison. Defendant appeals. Re-
manded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Paul M. Ladas,*
Prosecuting Attorney, for the people.

*Darryl R. Cochrane,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 16 Am Jur 2d, Constitutional Law §§ 485–493.
21 Am Jur 2d, Criminal Law §§ 229–233, 567, 568.

Before: R. B. BURNS, P. J., and FITZGERALD and LEVIN, JJ.

R. B. BURNS, P. J. Defendant pleaded guilty to forgery.[1] He was assigned the status of a youthful trainee under the Holmes Youthful Trainee Act[2] and was sent to the training unit at Ionia for a period not to exceed three years or until further order of the court. After spending approximately 11 months at the training center defendant was placed in the custody of the Muskegon County probation officer. Four months later his status as a youthful trainee was revoked and he was sentenced to prison for 6 to 14 years on the forgery conviction, with credit given him for time served under the Youthful Trainee Act.

Defendant appeals claiming his status as a youthful trainee was not properly revoked.

Before the defendant was assigned the status of a youthful trainee his attorney explained that this status only suspended his sentence for its duration. The defendant consented to such status and the court entered the order assigning the defendant the status of youthful trainee.

The record also contains a form dated June 7, 1967, recorded June 18, 1968, which designated the defendant as a youthful trainee, sentenced him to be committed to the department of corrections for three years and set forth terms of probation. The sentence was signed by Judge John H. Piercey in the absence of Judge Albert J. Engel. Terms of probation provided in part the following conditions:

"(3) That you shall report to the probation officer, either in person or in writing, as he may re-

[1] MCLA § 750.248 (Stat Ann 1970 Cum Supp § 28.445).
[2] MCLA § 762.11 *et seq.* (Stat Ann 1970 Cum Supp § 28.853[11] *et seq.*).

quire, at least once each month or oftener if he requires it.

"(6) That you shall immediately notify your probation officer of all changes of address, or employment.

"(10) That you shall associate only with law abiding citizens, and conduct yourself in a socially acceptable manner."

A petition for a bench warrant and probation violation hearing was signed by the Muskegon County probation officer October 2, 1968, which indicated the defendant was placed on probation June 7, 1968 for two years. The petition stated the defendant violated the terms of probation in the following respects:

"1. He violated rule No. 3 in that he failed to report to the probation office since August 2, 1968;

"2. He violated rule No. 6 in that he failed to notify the probation office of his change in employment;

"3. He violated rule No. 10 in that he failed to conduct himself in a socially acceptable manner."

November 12, 1968 a hearing was held before the judge and the defendant's status as a youthful trainee was terminated. A portion of the record follows:

"The defendant appears here for sentencing on his violation of probation.

"People move for sentencing.

"*The Court:* I believe the record should show this is not my understanding, Mr. Ladas.

"*Mr. Ladas:* I am sorry.

"*The Court:* There was no violation of probation charged.

"The defendant had been placed by me and assigned the status of a youthful trainee, and under that law the law vests in the judge the discretion

to revoke that at any time and to reinstate the proceedings at the point interrupted which is what the court did in this case.

"Therefore, Mr. Roberson, you are before the court now for sentencing under the original charge.

"Before the court imposes sentence is there any statement you wish to make, anything you want to say in your own behalf?

"*The Defendant:* No.

"*Mr. Ladas:* He said no.

"*The Court:* Mr. Cochrane, I have appointed you as attorney to represent Mr. Roberson. I had previously appointed V. S. Laurin, who is, of course, now deceased.

"Is there any statement you wish to make?

"*Mr. Cochrane:* No, your Honor.

"*The Court:* Mr. Roberson, I remember your case very well. I remember the time you were first in my chambers with your folks, and this is a day I was hoping would never come. I don't know what more I can say. You have been a total failure on your probation since you were released. We sent reports down and got you in the Michigan training unit, which is very difficult to do, and we haven't been able to succeed with you at all. I don't know what will reach you. I don't know what I can say to change you.

"It is the sentence of the court  *  *  *  .*"

Unlike the general probation act for adults[3] which provides that a probationer shall be entitled to a copy of the charges which constitute the claim he violated probation and a hearing thereon, the youthful trainee act does not provide for any formal procedure for the court to revoke the status of a youthful trainee. Revocation is at the discretion of the trial judge. The specific issue of the necessity of a hearing to revoke a defendant's status as a youthful trainee has not been decided in Michigan.

3 MCLA § 771.4 (Stat Ann 1954 Rev § 28.1134).

*People* v. *Dudley* (1912), 173 Mich 389, held that a probationer was not entitled to a hearing for revocation of probation. The probation statute[4] in effect at that time did not require a hearing and the Court did not read such a right into the statute.

The rule was acknowledged in *People* v. *Hodges* (1925), 231 Mich 656, when the Court stated on p 659:

"While it is not necessary that a formal hearing be had to revoke the probation (*People* v. *Dudley* [1912], 173 Mich 389)  *   *   *  ."

This question has now been eliminated in cases involving adult probationers as the legislature has provided by statute for revocation hearings.

If we were to utilize the precedents of the general probation acts to decide the necessity of revocation hearings for youthful trainees, we would be compelled to hold that a revocation hearing was not necessary. However, the legislature has amended the original probation acts and granted rights to probationers. The right of the probationer to notice of the alleged violations of probation and the right of a hearing on the violation of probation have been afforded to adult probationers.

Both the United States Constitution[5] and the Michigan Constitution[6] guarantee all citizens the equal right of protection of the law. *Re Gault* (1967), 387 US 1 (87 S Ct 1428; 18 L Ed 2d 527) held that the Fourteenth Amendment (see fn 5) was for minors as well as adults. The Court also emphasizes that the basic requirements of due process and fairness be satisfied in such cases.

The legislature has provided certain rights to adult probationers and we see no reason why the

---

[4] PA 1903, No 91, as amended by PA 1909, No 124.
[5] US Const, Am 14.
[6] Const 1963, art 1, § 2.

same rights should not be afforded to juveniles under the youthful trainee act.

The case is remanded to the circuit court for a hearing on the question of whether the defendant's status as a youthful trainee under the Holmes Act should be revoked.

All concurred.