PEOPLE v GEORGE

1. CRIMINAL LAW—EVIDENCE—PLEA OF GUILTY—WITHDRAWAL OF
   PLEA—SUBSEQUENT TRIAL.

   Evidence of a vacated guilty plea is inadmissible at a subsequent
   trial whether the vacated plea is introduced as substantive
   evidence of the defendant's guilt or as impeaching evidence
   when the defendant testifies.

2. CRIMINAL LAW—EVIDENCE—PLEA OF GUILTY—WITHDRAWAL OF
   PLEA—SUBSEQUENT TRIAL.

   Statements of a defendant at a guilty plea proceeding may not be
   introduced in evidence at a subsequent trial of defendant, held
   after withdrawal of the plea, even though no reference was
   permitted to the fact that the statements were taken at a
   guilty plea proceeding.

Appeal from Oakland, Robert B. Webster, J.
Submitted April 7, 1976, at Lansing. (Docket No.
20743.) Decided June 14, 1976. Leave to appeal
applied for.

Nolan R. George was convicted of second-degree
murder. Defendant appeals. Reversed and re-
manded.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *L. Brooks Patterson,*
Prosecuting Attorney, *Robert C. Williams,* Chief
Appellate Counsel, and *Thomas S. Richards,* As-
sistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel, Roether, Wolfram & Mc-
Donald,* for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.
   Withdrawal of plea of guilty and substitution of plea of not guilty
   after conviction. 146 ALR 1430.

Before: T. M. BURNS, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. The defendant was charged with first-degree murder, MCLA 750.316; MSA 28.548, in the March, 1969, slaying of Frances Brown. He subsequently pled guilty to second-degree murder. MCLA 750.317; MSA 28.549. As part of the plea-taking procedure the plea-taking court elicited sufficient facts from the defendant to establish a factual basis for the defendant's guilt. *Accord, People v Barrows,* 358 Mich 267, 273; 99 NW2d 347 (1959).

In March, 1973, this Court reversed the defendant's plea-based conviction[1] because the trial court failed to properly advise the defendant of his *Jaworski* rights.[2] The defendant was then tried for second-degree murder but when the jury was unable to agree upon a verdict a mistrial was declared. A second jury, however, returned a verdict of guilty of second-degree murder. He received a sentence of 40 to 60 years in prison. Defendant appeals as of right.

Prior to the defendant's first trial defense counsel made a motion to prevent the prosecutor from making any reference to the defendant's vacated guilty plea. The trial court granted the motion and continued it during the defendant's second trial. However, during defendant's second trial, the trial court held a hearing to permit the prosecution to establish that the defendant had been informed by his plea counsel of his *Jaworski* rights.[3] Having

---

[1] *People v George,* (Docket No. 15597), March 6, 1973 [unpublished order].

[2] *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

[3] At the hearing defendant's plea counsel testified that he had advised the defendant of all his constitutional rights. The defendant was unable to invoke the lawyer-client privilege since defendant's putative common law wife was present when he was informed of his rights.

determined that the defendant actually knew of his *Jaworski* rights, the trial court permitted the prosecution to introduce the statements made by the defendant at the prior plea taking to establish the factual basis for a vacated guilty plea.

The use of a vacated guilty plea at a subsequent trial has long been condemned, both in Michigan and in many other jurisdictions. *People v Street,* 288 Mich 406; 284 NW 926 (1939), see, *e.g., Kercheval v United States,* 274 US 220; 47 S Ct 582; 71 L Ed 1009 (1927), *Green v State,* 40 Fla 474; 24 So 537 (1898), *State v Anderson,* 173 Minn 293; 217 NW 351 (1927), *State v Leaks,* 124 NJL 261; 10 A2d 281 (1940), *Heath v State,* 23 Okla Crim 382; 214 P 1091 (1923), *cf., State v Meyers,* 99 Mo 107; 12 SW 516 (1889). In recent years jurisdictions that had previously permitted such evidence to be introduced have repudiated the policy. *State v Wright,* 103 Ariz 52; 436 P2d 601 (1968), *overruling Rascon v State,* 47 Ariz 501; 57 P2d 304 (1936); *People v Spitaleri,* 9 NY2d 168; 173 NE2d 35; 212 NYS2d 53; 86 ALR2d 322 (1961), *overruling People v Steinmetz,* 240 NY 411; 148 NE 597 (1925). The evidence is inadmissible whether the vacated plea is introduced as substantive evidence of the defendant's guilt, *People v Street, supra,* or only as impeaching evidence when the defendant testifies. *People v Trombley,* 67 Mich App 88; 240 NW2d 279 (1976).

While the issue has been addressed in terms of a constitutional requirement, generally the courts have adopted the rule for policy reasons. *Compare United States ex rel Spears v Rundle,* 268 F Supp 691, 698–699 (ED Pa 1967), *aff'd,* 405 F2d 1037 (CA 3 1969), *with People v Street, supra* at 408–409, *Kercheval v United States, supra* at 225. The philosophy behind this policy was succinctly stated

by Mr. Justice Butler writing for the Court in *Kercheval v United States, supra* at 224:

"The withdrawal of a plea of guilty is a poor privilege, if, notwithstanding its withdrawal, it may be used in evidence."

What was true in 1927 is equally true today. "A defendant may wish to plead guilty for any one of several reasons having nothing to do with his guilt." *State v Weekly,* 41 Wash 2d 727, 731; 252 P2d 246, 249 (1952) (Donworth, J., dissenting). This is especially true when the pervasiveness of plea bargaining is considered. See *People v Byrd,* 12 Mich App 186, 194–197; 162 NW2d 777 (1968) (LEVIN, J., concurring), *lv den,* 381 Mich 775 (1968), *Santobello v New York,* 404 US 257, 261; 92 S Ct 495; 30 L Ed 2d 427 (1971), see also Report of the National Advisory Commission on Criminal Justice Standards and Goals, Courts, ch 3, pp 42–45 (1973).

The prosecutor notes, however, that the instant case is distinguishable from the cases cited in the preceding paragraphs. In those cases the fact that the defendant had previously pled guilty to the charge was directly introduced into evidence. In the instant case, on the other hand, both the trial court and the prosecutor were very careful not to permit any reference to the fact that the defendant's statement was taken at a time when the defendant pled guilty.

We view the prosecutor's distinction as one without any real significance. Admittedly, introducing only the factual statement of the defendant into evidence infringes the defendant's right to have his guilty plea vacated less than introducing the fact of the prior plea itself. But as the Minnesota Supreme Court has noted, "it can be said that no

one familiar with courtrooms could believe that the jury did not understand that a plea of guilty had been entered". *State v Hook,* 174 Minn 590, 592; 219 NW 926, 927 (1928). We hasten to add that we do not think that jurors today are so naive as to think that a criminal defendant walks into a courtroom and answers questions by a judge with a court reporter present without pleading guilty.

Furthermore, when a guilty plea is vacated it is a nullity. *People v Street, supra* at 408, *Kercheval v United States, supra* at 224. That means that everything that transpired pursuant to the guilty plea is a nullity. We find it impossible to separate the plea taking into valid and invalid parts. *State v Hook, supra.* The fact that an evidentiary hearing in this case established that the defendant was in fact advised of his *Jaworski* rights cannot render the prior plea taking any less of a nullity. *Cf., Guilty Plea Cases,* 395 Mich 96, 121; 235 NW2d 132 (1975), *People v Napier,* 69 Mich App 46, 244 NW2d 359 (1976).

The prosecutor also attempts to distinguish the cited cases on the basis that those cases involved a guilty plea that was withdrawn rather than one that was reversed by an appellate court. However, that argument misses the mark generally, and specifically in this case. The defendant sought to withdraw his guilty plea before seeking relief from this Court. Consequently, this Court's determination that the defendant's guilty plea conviction should be reversed is only a holding that the trial court should have granted the defendant's motion to withdraw his guilty plea. See *People v Taylor,* 387 Mich 209, 218–221; 195 NW2d 856 (1972).

We therefore hold that the factual basis for a vacated guilty plea may not be introduced into evidence at the defendant's subsequent trial. This

holding is consistent with modern thought on the topic. McCormick, Evidence (2d ed), § 265, p 635; 1 Wright, Federal Practice and Procedure, § 172 (pp 99 of 1975 pocket part); ABA Standards, Pleas of Guilty 2.2 (1967); Uniform Rules of Evidence, rule 410, 13 ULA 216; Note, *Improvident Guilty Pleas and Related Statements: Inadmissible Evidence at Later Trial,* 53 Minn L Rev 559, 573–577 (1969). This rule has been adopted by various evidentiary codes. FR Evid, 410, FR Crim P, 11(e)(6), Cal Evid Code, § 1153.

Reversed and remanded.