PEOPLE v RIDNER

Docket No. 77-4888. Submitted November 8, 1978, at Detroit.—Decided January 17, 1979.

Dwayne A. Ridner pled guilty to a charge of malicious destruction of property over the value of $100 but requested youthful trainee status under the Holmes Youthful Trainee Act. The trial court agreed to hold the guilty plea "in abeyance" pending *successful completion of three years probation as a youthful trainee.* The defendant subsequently pled guilty to possession of marijuana, and the court revoked his youthful trainee status and sentenced him to imprisonment on the malicious destruction charge, Monroe Circuit Court, William J. Weipert, Jr., J. Defendant appeals, alleging *that his guilty plea was not revived by revocation of his youthful trainee status. Held:*

It is assumed that the trial court did in fact set aside the guilty plea, despite its reference to holding the plea in abeyance, for the court was without jurisdiction to place the defendant on youthful trainee status until the plea was set aside. Upon revocation of the youthful trainee status, the proceedings against the defendant were reinstated at the point where they were interrupted for consideration of youthful trainee status. Therefore, the guilty plea, having been set aside, became a nullity, and the court was without power to sentence the defendant at the time of the revocation.

Reversed and remanded.

1. CRIMINAL LAW — YOUTHFUL TRAINEES — PLEA OF GUILTY — WITHDRAWAL OF PLEA — STATUTES.

Youthful trainee status under the Holmes Youthful Trainee Act is not available to a defendant after a plea of guilty has been accepted; however, if a defendant is allowed to withdraw his plea of guilty, he may thereby again become eligible for treatment under the act (MCL 762.11, 762.12; MSA 28.853[11], 28.853[12]).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 503, 504.
[2] 21 Am Jur 2d, Criminal Law §§ 533, 569.

2. CRIMINAL LAW — YOUTHFUL TRAINEES — PLEA OF GUILTY —
    SENTENCING — REVOCATION OF TRAINEE STATUS — STATUTES.

A defendant whose plea of guilty was set aside in order that he
could be placed on youthful trainee status and whose youthful
trainee status was subsequently revoked was improperly sen-
tenced for the crime to which he had pled guilty; revocation of
youthful trainee status reinstates the proceedings at the point
where they were interrupted to consider a defendant for treat-
ment as a youthful trainee, and where the guilty plea has been
set aside it becomes a nullity (MCL 762.12; MSA 28.853[12]).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Michael W. LaBeau,*
Prosecuting Attorney, and *William P. Godfroy,*
Assistant Prosecuting Attorney, for the people.

*James H. Davies,* for defendant on appeal.

Before: ALLEN, P.J., and R. M. MAHER and J. E.
TOWNSEND,* JJ.

PER CURIAM. Defendant was charged with mali-
cious destruction of property over $100, MCL
750.377a; MSA 28.609(1). At his arraignment, de-
fendant tendered a plea of guilty, but requested
that he be afforded youthful trainee status under
the Holmes Youthful Trainee Act, MCL 762.11 *et
seq.;* MSA 28.853(11) *et seq.* Pursuant to a plea
agreement, the prosecutor did not oppose defend-
ant's request.

The trial court accepted defendant's plea of
guilty pending investigation of defendant's eligibil-
ity for youthful trainee status, indicating that if
defendant qualified for placement under the
Holmes act, his plea would be set aside. At a
subsequent hearing, the court indicated that it was
holding defendant's plea "in abeyance" pending
successful completion of three years probation as a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

youthful trainee, and ordered him committed to the Department of Corrections for a period not to exceed one year. Ten days later, defendant once again appeared before the court, at which time he admitted to the court that he had pled guilty to possession of marijuana after being placed on youthful trainee status. Subsequently, defendant's youthful trainee status was revoked and defendant was sentenced to a term of 1 to 4 years imprisonment for malicious destruction of property.

Defendant claims on appeal that the trial court was without power to sentence him immediately upon revocation of his youthful trainee status. Defendant contends that his guilty plea was of necessity set aside prior to placing him on youthful trainee status and was not revived by revocation of that status.

The Holmes Youthful Trainee Act provides, in part, MCL 762.11; MSA 28.853(11), MCL 762.12; MSA 28.853(12):

"When any youth is *alleged* to have committed a criminal offense between his seventeenth and twentieth birthdays, the court of record having jurisdiction of such criminal offense may with the consent of either the affected youth or his legal guardian or guardian ad litem elect to consider and assign such youth to the status of youthful trainee.

"Sec. 12. The court of record, having jurisdiction over the criminal offense referred to in section 1, may at any time terminate its consideration of the youth as a youthful trainee or, once having assigned the youth to the status of a youthful trainee, may at its discretion revoke such status at any time prior to the youth's final release. Such termination of consideration, or such *revocation of status as a youthful trainee, shall serve to reinstate the criminal case against such youth at the point interrupted when the consideration as a youthful trainee was commenced."* (Emphasis added.)

Interpreting the first section quoted, this Court has held that youthful trainee status under the Holmes act is not available after a plea of guilty has been accepted, because the offense is no longer merely "alleged", *People v Bandy,* 35 Mich App 53; 192 NW2d 115 (1971). Accord, *People v Hardesty,* 67 Mich App 376; 241 NW2d 214 (1976). The *Bandy* Court, however, also held that "after defendant was permitted to withdraw his plea of guilty, he was a youth 'alleged to have committed an offense' ", and was once again eligible for treatment under the Holmes act, *Bandy, supra,* at 58.

As the above-cited opinions make clear, the trial court was without jurisdiction to place defendant on youthful trainee status until his plea of guilty was set aside. We therefore assume that, prior to placing defendant on youthful trainee status, the court did in fact set aside defendant's plea, despite its reference to holding the plea in abeyance.[1] Defendant then became once more a youth alleged to have committed a crime and eligible for placement under the Holmes act. When his youthful trainee status was subsequently revoked, the proceedings were reinstated at the point at which they were interrupted, and defendant became once again a person accused of a crime. Defendant's guilty plea, having been once set aside, became a nullity, *People v George,* 69 Mich App 403; 245 NW2d 65 (1976). He must therefore be given the opportunity to enter a new plea and, if he so desires, a trial.[2]

[1] We note that the court at the arraignment proceeding indicated that he intended to set the plea aside if defendant qualified for youthful trainee status.

[2] We find support for our conclusion in other provisions of the Holmes act. MCL 762.12; MSA 28.853(12), quoted in part in the text, *supra,* concludes as follows:

"*No information divulged by the youth,* subsequent to the commencement of consideration of the youthful trainee status, *may be*

We are not unaware of *People v Roberson,* 22 Mich App 664; 177 NW2d 712 (1970), cited by plaintiff in its brief, in which this Court reversed for a hearing on the question whether the defendant's youthful trainee status should be revoked, without commenting on the question, implicit in the factual situation, whether sentence could be imposed immediately upon revocation. We find no precedential value in the Court's lack of comment on this question. There is no indication that the issue was even raised. We note further that *Roberson* was decided prior to *People v Bandy, supra,* and *People v Hardesty, supra.*

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

*admissible* as evidence *in the criminal case. Should the status* of a youthful trainee *be revoked and sentence imposed under criminal procedure,* the court in imposing sentence shall specifically grant credit against the sentence for time served as a youthful trainee in an institutional facility of the department of corrections." (Emphasis added.)

MCL 762.14; MSA 28.853(14) provides in part:

"An assignment of a youth to the status of youthful trainee, as provided in this chapter, *shall not be deemed to be a conviction of crime* and such person shall suffer no civil disability, right or privilege following his release from such status because of such assignment as a youthful trainee. *Unless such person shall be later convicted of the crime alleged to have been committed,* referred to in section 1, all proceedings relative to the disposition of the criminal charge and to the assignment as youthful trainee shall be closed to public inspection * * *." (Emphasis added.)