## PEOPLE v WEBB

Docket No. 77-2052. Submitted June 5, 1978, at Detroit.—Decided
March 19, 1979. Leave to appeal applied for.

Homer G. Webb was charged with the crime of breaking and
entering an occupied dwelling. At the time of the offense, the
defendant was 17 years old. Prior to trial the defendant was
placed on probation and given youthful trainee status pursuant
to the Holmes Youthful Trainee Act. Less than one year later,
the probation department alleged that the defendant had vio-
lated the terms of probation and petitioned the court for an
order terminating the defendant's trainee status. The trial
court granted the petition, revoked the defendant's trainee
status and reinstated the criminal case against him. No hear-
ing was held prior to the revocation of the trainee status.
Subsequently, the defendant was convicted, on his plea of
guilty, of the crime charged, Wayne Circuit Court, William Leo
Cahalan, J. The defendant appeals, raising the issue of whether
his subsequent guilty plea waived his objection to the failure to
hold a revocation hearing. *Held:*

1. A hearing must be held before a defendant's probation
status under the Holmes Youthful Trainee Act can be revoked.

2. The defect of failing to hold the hearing was totally
irrelevant to the question of defendant's factual guilt on the
underlying charge to which the defendant pled guilty and was
not a nonjurisdictional defect. The defect was not waived by the
guilty plea and the defendant was free to challenge the defect.

Reversed and remanded for a hearing on the revocation of
the defendant's trainee status.

Bashara, P.J., dissented. He would hold that the defect was

---

References for Points in Headnotes

[1, 3, 4] 21 Am Jur 2d, Criminal Law § 568.
  Right to notice and hearing before revocation of suspension of
  sentence, parole, conditional pardon, or probation. 29 ALR2d
  1074.
[2, 3, 4] 21 Am Jur 2d, Criminal Law §§ 484, 495.
[5] 21 Am Jur 2d, Criminal Law § 495.

nonjurisdictional and was waived by the defendant's plea of guilty. He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — PROBATION — HOLMES YOUTHFUL TRAINEE ACT — REVOCATION OF PROBATION — HEARINGS — STATUTES.

A hearing must be held before a defendant's probation status under the Holmes Youthful Trainee Act can be revoked (MCL 762.11 *et seq.;* MSA 28.853[11] *et seq.).*

2. CRIMINAL LAW — PLEAS OF GUILTY — FACTUAL GUILT — CONSTITU-TIONAL DEFECTS — WAIVER OF DEFECTS.

A guilty plea is a reliable admission of factual guilt and removes from subsequent attack the issue of guilt and alleged constitu-tional defects concerning factual guilt; however, a guilty plea does not constitute a waiver for those constitutional defects which are irrelevant to a defendant's factual guilt of the crime charged.

3. CRIMINAL LAW — HOLMES YOUTHFUL TRAINEE ACT — YOUTHFUL TRAINEE STATUS — HEARINGS — REVOCATION OF TRAINEE STA-TUS — PLEAS OF GUILTY — WAIVER OF DEFECTS — STATUTES.

A defendant, who has been given youthful trainee status under the Holmes Youthful Trainee Act, has a constitutional right to a hearing prior to the termination of his trainee status and reinstatement of criminal charges against him; in the absence of a hearing, the criminal charges against him cannot be reinstated; therefore, where such a defendant has entered a plea of guilty to charges which were reinstated after the revocation of his youthful trainee status, the guilty plea does not preclude him from attacking the conviction based on the failure to afford him a hearing on the revocation of his trainee status (MCL 762.11 *et seq.;* MSA 28.853[11] *et seq.).*

4. CRIMINAL LAW — HOLMES YOUTHFUL TRAINEE ACT — YOUTHFUL TRAINEE STATUS — REVOCATION OF TRAINEE STATUS — PLEAS OF GUILTY — WAIVER OF DEFECTS — STATUTES.

The defect of failing to hold a hearing prior to the revocation of a defendant's status as a youthful trainee under the Holmes Youthful Trainee Act is totally irrelevant to the question of the defendant's guilt on the underlying charge which was rein-stated upon the revocation of the defendant's youthful trainee status and to which the defendant pled guilty; therefore, the defect is not waived by the guilty plea (MCL 762.11 *et seq.;* MSA 28.853[11] *et seq.).*

Dissent by Bashara, P.J.

5. Criminal Law — Holmes Youthful Trainee Act — Youthful
        Trainee Status — Revocation of Trainee Status — Guilty
        Pleas — Waiver of Defects — Statutes.

> The revocation of a defendant's status as a youthful trainee
> under the Holmes Youthful Trainee Act is purely procedural
> and, as such, is clearly not jurisdictional; therefore, where a
> defendant entered a plea of guilty to a charge which was
> reinstated when his youthful trainee status was revoked, the
> defendant may not later challenge any defects in the revocation
> procedure because nonjurisdictional defects are waived by a
> guilty plea (MCL 762.11 et seq.; MSA 28.853[11] et seq.).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Nels L. Olson,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: Bashara, P.J., and Bronson and C. W. Simon, Jr.,* JJ.

Bronson, J. Defendant pled guilty to the crime of breaking and entering an occupied dwelling, MCL 750.110; MSA 28.305, and was sentenced to a prison term of 4 to 15 years. He now appeals as of right.

Defendant was 17 years old at the time of the offense. Prior to trial, he was placed on two-years probation pursuant to the Holmes Youthful Trainee Act, MCL 762.11 *et seq.;* MSA 28.853(11) *et seq.* Less than one year later, the probation department alleged that defendant had violated the terms of his probation and petitioned the court for an order terminating defendant's trainee status. The trial court granted the petition, revoked

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant's trainee status and reinstated the criminal case against him. No hearing was held prior to the time defendant's probation was revoked. Three months later, defendant pled guilty.

The prosecution rightfully concedes that before a defendant's probation status under the Holmes Youthful Trainee Act can be revoked a hearing must be held. *People v Roberson,* 22 Mich App 664; 177 NW2d 712 (1970). The sole question on appeal is whether defendant's subsequent guilty plea waived his objection to the failure to hold the revocation hearing.

The question of what constitutional defects are waived by a guilty plea has undergone considerable revision in recent years. In *Tollett v Henderson,* 411 US 258; 93 S Ct 1602; 36 L Ed 2d 235 (1973), defendant sought to have his plea-based conviction overturned because he pled guilty to an indictment returned by an illegally constituted grand jury. The Supreme Court reaffirmed the traditional test set forth in the *Brady* trilogy[1] and denied defendant relief stating that a guilty plea could only be attacked on the grounds that it was not voluntarily and intelligently made, thus precluding attacks based on constitutional defects not related to this issue.

The rather narrow test set forth in *Tollett* was broadened, however, in the case of *Blackledge v Perry,* 417 US 21; 94 S Ct 2098; 40 L Ed 2d 628 (1974). In this case defendant challenged his plea-based conviction on the ground that the offense to which he pled guilty was barred by the double jeopardy clause. The Supreme Court reversed his conviction holding that a guilty plea did not waive

---

[1] *Brady v United States,* 397 US 742; 90 S Ct 1463; 25 L Ed 2d 747 (1970), *McMann v Richardson,* 397 US 759; 90 S Ct 1441; 25 L Ed 2d 763 (1970), *Parker v North Carolina,* 397 US 790; 90 S Ct 1458; 25 L Ed 2d 785 (1970).

defects which "went to the very power of the State
to bring the defendant into court to answer the
charge brought against him". *Blackledge* at 20.
Since a defendant could no more be brought into
court on an invalid indictment (as in *Tollett)* than
on an indictment barred by double jeopardy, the
Court distinguished *Tollett* by stating the defect in
that case could have been cured by a properly
selected grand jury, while the constitutional defect
in *Blackledge* was incurable.

The *Blackledge* incurable jurisdictional defect
test, however, has not been the final word from
the Supreme Court on this issue. In *Menna v New
York,* 423 US 61; 96 S Ct 241; 46 L Ed 2d 195
(1975), the Supreme Court further expounded upon
the meaning of *Blackledge.* The Court stated that
a guilty plea was a reliable admission of factual
guilt and removes this issue and alleged constitu-
tional defects concerning factual guilt from subse-
quent attack. A guilty plea does not, however,
constitute a waiver for those constitutional defects
which are irrelevant to defendant's factual guilt of
the crime charged. Accord, *Journigan v Duffy,* 552
F2d 283 (CA 9, 1977).

Applying this test to the present case it would
seem that defendant's guilty plea did not preclude
him from attacking his conviction based on the
failure to afford him a revocation hearing. A de-
fendant has a constitutional right to a hearing
prior to the termination of his trainee status and
in the absence of a hearing, the criminal case
against him cannot be reinstated. See *People v
Roberson,* 22 Mich App 664; 177 NW2d 712 (1970).
The purpose for the revocation hearing is to give
the defendant notice of the charges against him
and make a determination, based on reliable infor-
mation, of whether he has committed a probation

violation. See *Morrissey v Brewer*, 408 US 471; 92 S Ct 2593; 33 L Ed 2d 484 (1972). The hearing has nothing to do with determining defendant's guilt on the underlying charge. Since the defect in failing to hold the hearing is totally irrelevant to the question of defendant's factual guilt on the underlying charge to which he pled guilty, it was not waived by the guilty plea.[2]

Defendant's conviction is reversed, and the case is remanded to the trial court for a hearing on the revocation of defendant's trainee status.

C. W. SIMON, JR., J., concurred.

BASHARA, P.J., *(dissenting)*. I respectfully dissent. The majority rationalizes its decision by analogizing a revocation of placement under the Holmes Youthful Trainee Act to a probation revocation hearing. I cannot agree.

The Holmes Youthful Trainee Act is a strict creation of the Legislature. It provides that the trial judge *may,* with the consent of a youth between the ages of 17 and 20, assign that person to the status of youthful offender.[1] It further provides that the court may terminate the status at any time. The effect of such termination is simply to reinstate the criminal charges, with no information divulged pursuant to the Youthful Trainee Act to be considered as evidence.[2] In other words,

---

[2] This same result could probably have been reached by using the Michigan Supreme Court's decision in *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976). However, since the Federal cases concisely show the progression of the law in this area and *Alvin Johnson* contains much dicta which is unnecessary to the decision of this case and which we feel no need to address at this time, it was not used as the basis for this decision.

[1] MCL 762.11; MSA 28.853(11).

[2] MCL 762.12; MSA 28.853 (12).

the defendant is placed in the same position as he was prior to trial.

A person deemed guilty of violating probation has already been found guilty of a principal crime. Probation violation assures a penalty. To the contrary, one whose youthful trainee status is revoked is clothed with every presumption of innocence.

There is nothing in the statute which appears to violate due process, nor does the majority question its constitutionality. The revocation of status as a youthful trainee is purely procedural and, as such, is clearly not jurisdictional. In the case at bar, the defendant pled guilty to the principal charge. *People v Alvin Johnson,* 396 Mich 424; 240 NW2d 729 (1976), mandates that a plea of guilty waives all nonjurisdictional defects.

*People v Roberson,* 22 Mich App 664; 177 NW2d 712 (1970), cited by the majority, can be distinguished. There, the defendant pled guilty and was then assigned under the Youthful Trainee Act. The revocation left defendant as having been found guilty, a fact not present in the instant case. A review of the other cases cited by the majority convinces me that they are not applicable to the matter at hand.

I would affirm defendant's conviction.