STATE OF HAWAII, Plaintiff-Appellee, *v*. EDWARD GATANO ALBERTI, BENJAMIN CHARLES LUCRISIA, and RONALD AKINA, SR., Defendants and RUDY CUTILLIAR LABENIA, Defendant-Appellant

NO. 6899

JANUARY 30, 1980

RICHARDSON, C.J., OGATA AND MENOR, JJ.,
RETIRED JUSTICE KOBAYASHI AND CIRCUIT JUDGE
LUM, ASSIGNED BY REASON OF VACANCIES

*Per Curiam*. This is an appeal by the defendant, Rudy Cutilliar Labenia, who was convicted on two counts of kidnapping under HRS § 707-720. The only issue which merits our consideration is whether voluntary admissions of the defendant elicited while pleading guilty to a particular charge may be used against him at a later trial for related offenses arising out of the same incident.

The defendant had been indicted on two counts of kidnapping in the circuit court of the first circuit. He was also charged with the offense of extortion in the federal district court. Prior to trial on the kidnapping charges in the circuit court, he entered a plea of guilty to the extortion charge in the federal court. He was represented by counsel at the time.

Before accepting his plea, the United States district judge, addressing the defendant personally, inquired as to the factual basis for his plea. The defendant responded to the effect that he had gone to the victims' residence, abducted them at gunpoint, and had then taken them to the airport. It was the fact of this abduction which formed the basis for the kidnapping charges in the present case.

The guilty plea was found by the federal court to have been intelligently and voluntarily made and the defendant was accordingly convicted and sentenced. Subsequently, however, the defendant moved to vacate the sentence and to withdraw his guilty plea. While this motion was pending, the trial in state court on the kidnapping charges was held and concluded. Objection was made at trial to the introduction of the defendant's response to the presiding judge's inquiry in federal court. This objection was overruled.

It had been established that a guilty plea once withdrawn cannot be used as evidence against the defendant at his subsequent trial on the issue arising under the substituted plea of not guilty. *Kercheval v. United States*, 274 U.S. 220 (1927). It has further been held that the factual basis for a vacated guilty plea, which is part and parcel of the guilty plea itself, cannot be used as evidence against the defendant as well. *People v. George*, 69 Mich. App. 403, 245 N.W.2d 65 (1976). As the court in *George* stated:

"Admittedly, introducing only the factual statement of the defendant into evidence infringes the defendant's right to have his guilty plea vacated less than introducing the fact of the prior plea itself. But as the Minnesota Supreme Court has noted, it can be said that no one familiar with courtrooms could believe that the jury did not understand that a plea of guilty had been entered. *State v. Hook*, 174 Minn. 590, 592, 219 N.W. 926, 927 (1928). We hasten to add that we do not think that jurors today are so naive as to think that a criminal defendant walks into a courtroom and answers questions by a judge with a court reporter present without pleading guilty.

Furthermore, when a guilty plea is vacated it is a nullity. *People v. Street, supra*, 288 Mich. at 408, 284

N.W. 926; *Kercheval v. United States, supra,* at 224. That means that everything that transpired pursuant to the guilty plea is a nullity. We find it impossible to separate the plea taking into valid and invalid parts." 245 N.W.2d at 67.

Had the guilty plea in this case been withdrawn with the approval of the federal court prior to the trial on the kidnapping charges, the defendant's admissions, which formed the factual basis for his guilty plea, would not have been admissible in the subsequent trial in the state court. *See Kercheval v. United States, supra; People v. George, supra.* At the time of the trial on the state charges, however, the guilty plea had not been withdrawn and the judgment and sentence of the federal court remained in effect. Accordingly, we hold that where, as here, the defendant was represented by counsel, and his plea of guilty was intelligently and voluntarily made, his admissions were properly admitted into evidence at his subsequent trial on the kidnapping charges in the state court.

Affirmed.

*Rogers M. Ikenaga* for defendant-appellant.

*Michael P. Akana,* Deputy Prosecuting Attorney for plaintiff-appellee.