CARR v MIDLAND COUNTY CONCEALED WEAPONS
LICENSING BOARD

Docket No. 239606. Submitted October 7, 2003, at Lansing. Decided
November 18, 2003, at 9:05 A.M.

Stacy M. Carr applied to the Midland County Concealed Weapons
Licensing Board for a concealed pistol license pursuant to the con-
cealed pistol licensing act (CPLA), MCL 28.421 *et seq.* The board
denied the application, determining that Carr was ineligible for a
permit because, under MCL 28.425b(7) and MCL 28.425b(16)(a)
(now MCL 28.425b[17][a]), she had sustained a felony conviction by
pleading guilty to a charge of obtaining a controlled substance
through fraud even though the felony charge was dismissed after
Carr completed probation imposed pursuant to MCL 333.7411. The
Midland Circuit Court, Thomas L. Ludington, J., dismissed an
appeal by Carr, ruling that the board had not clearly erred in deny-
ing the appellant's application for a license. The appellant appealed
by leave granted.

The Court of Appeals *held*:

1. MCL 333.7411(1) provides that when an individual who has not
previously been convicted of a controlled substance offense pleads
guilty or is convicted of any of certain controlled substance
offenses, the trial court, without entering a judgment of guilt and
with the individual's consent, may defer further proceedings and
place the individual on probation. If the individual fulfills the terms
of the probation, the trial court must discharge the individual and
dismiss the proceedings. A discharge and dismissal is without an
adjudication of guilt and does not constitute a conviction for the
purposes of deferred sentencing or any disqualification or disability
imposed by law. It is only when the individual fails to fulfill the
terms of probation that the trial court enters an adjudication of
guilt.

2. Assuming, without deciding, in this case that the appellant's
guilty plea was accepted, the acceptance of the plea was nullified
when, without an adjudication of guilt, the charge and the proceed-
ings were dismissed and the appellant was discharged upon com-
pletion of probation. Moreover, under MCL 333.7411, the only pur-
pose for which a case dismissed pursuant to that statute may be

used to establish a disqualification or disability imposed by law upon conviction of a crime is to preclude employment by the Michigan Department of Corrections or a law enforcement agency. Thus, a proceeding dismissed under MCL 333.7411 following the successful fulfillment of the terms and conditions of probation may not be used to establish a disqualification or disability for obtaining a concealed pistol license under the CPLA.

Reversed and remanded to the circuit court for further proceedings.

O'CONNELL, J., dissenting, stated that the appellant was "convicted," as defined by MCL 28.245b(17)(a), when the trial court accepted her guilty plea and thus is not allowed by MCL 28.425b(7)(f) to receive a concealed pistol license.

WEAPONS — CONCEALED PISTOL LICENSES — CONTROLLED SUBSTANCE OFFENSES — PROBATION.

A person who has not been convicted of a controlled substance offense, is charged with any of certain controlled substance offenses, is placed on probation for the controlled substance offense, and is discharged without an adjudication of guilt upon the completion of probation does not sustain a conviction that serves to disqualify that person from a license to carry a concealed pistol (MCL 28.425b[7][f], 333.7411).

*McCleary & Associates, P.C.* (by *David M. McCleary*), for Stacy M. Carr.

*Norman W. Donker*, Prosecuting Attorney, and *Jensen, Gilbert, Smith & Borrello, P.C.* (by *Lawrence W. Smith*), for Midland County Concealed Weapons Licensing Board.

Before: DONOFRIO, P.J., and SAWYER and O'CONNELL, JJ.

SAWYER, J. We are asked in this case to determine whether a person who was charged with a drug felony and successfully employed the provisions of MCL 333.7411 is considered to be a convicted felon for purposes of obtaining a concealed pistol license. We hold that a person who successfully completes probation under MCL 333.7411 and had the felony charge

dismissed under that statutory provision is not deemed to have been convicted of a felony under the concealed pistol licensing act (CPLA)[1] by virtue of the charge dismissed under MCL 333.7411. Both the trial court and the Midland County Concealed Weapons Licensing Board clearly erred in concluding that appellant should be denied a concealed pistol license on the basis of a felony conviction.

Appellant applied for a concealed pistol license pursuant to the CPLA. MCL 28.425b(7) provides that a county licensing board shall issue a license to an applicant if the applicant meets all the enumerated criteria, including never having been convicted of a felony.[2] MCL 28.425b(16)(a)[3] defines "convicted" as, inter alia, "a plea of guilty or nolo contendere if accepted by the court."

In 1996 appellant was charged with obtaining a controlled substance by fraud[4] and sought deferred sentencing under MCL 333.7411(1). This statute provides that when an individual who has not previously been convicted of a controlled substance offense pleads guilty or is convicted of any of certain controlled substance offenses, the trial court, without entering a judgment of guilt and with the individual's consent, may defer further proceedings and place the individual on probation. If the individual fulfills the terms of the probation, the trial court must discharge the individual and dismiss the proceedings. A discharge and dismissal is without an adjudication of

---

[1] MCL 28.421 *et seq.*

[2] MCL 28.425b(7)(f).

[3] Unless otherwise indicated, all references to the CPLA are to its provisions as they existed before July 1, 2003.

[4] MCL 333.7407(1)(c).

guilt and does not constitute a conviction for the purposes of deferred sentencing or any disqualification or disability imposed by law. Appellant tendered a plea of guilty and was granted what is commonly referred to as "§ 7411 status." She fulfilled the terms of her probation, and the trial court dismissed the proceedings.

On her application for a concealed weapons permit appellant indicated that she had not been convicted of a felony. The board held a hearing that appellant attended, and denied her application on the ground that she had a felony conviction. The board did not provide appellant with written notice of the reason for the denial of her application within the time required by MCL 28.425b(14).

Appellant appealed the board's decision in the circuit court. She asserted that because a discharge and dismissal under MCL 333.7411(1) is not considered a conviction for purposes of any disqualification or disabilities imposed by law, the disposition of the controlled substance charge pursuant to MCL 333.7411 cannot be considered a conviction under MCL 28.425b(16)(a). Appellant also alleged that the board failed to comply with the statutory requirement that it provide her with written notice of the reason for the denial of her application. In response, the board argued that because the CPLA defined "convicted" to include a plea of guilty if accepted by the court, appellant was not eligible to receive a concealed weapons permit.

The circuit court denied appellant's appeal of the board's decision, finding that appellant received § 7411 status after her plea was entered and accepted by the court and, therefore, the board did not clearly

err in finding that appellant had a conviction as defined by MCL 28.425b(16)(a). The circuit court did not address appellant's argument that the board violated MCL 28.425b(14) by failing to give her written notice of the basis of its decision.

The decision of a concealed weapons licensing board to deny an application for a concealed weapons permit is reviewed for clear error.[5] Similarly, we review a lower court's review of an agency decision for clear error. *Dignan v Michigan Public School Employees Retirement Bd.*[6] An issue of statutory interpretation is reviewed de novo. *Koontz v Ameritech Services, Inc.*[7] The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature. If the language of a statute is clear and unambiguous, judicial interpretation is not permitted. *Frankenmuth Mut Ins Co v Marlette Homes, Inc.*[8]

In proceedings conducted pursuant to MCL 333.7411(1), an individual must either tender a plea of guilty or otherwise be found guilty of certain controlled substance offenses. In a proceeding under § 7411, however, the trial court does not adjudicate guilt at the time the plea is tendered. Rather, the court defers further proceedings and places the individual on probation. If the individual fulfills the terms of the probation, the trial court discharges the individual without an adjudication of guilt and dismisses the proceedings. It is only when the individual fails to

---

[5] MCL 28.425d(2).

[6] 253 Mich App 571, 575-576; 659 NW2d 629 (2002).

[7] 466 Mich 304, 309; 645 NW2d 34 (2002).

[8] 456 Mich 511, 515; 573 NW2d 611 (1998).

fulfill the terms of the probation that the trial court enters an adjudication of guilt.

The trial court concluded that because appellant had tendered a plea of guilty that was accepted by the trial court, she is deemed to have been convicted of a felony under the CPLA because the CPLA's definition of "convicted" includes a plea of guilty if accepted by the court. In other words, the court reasoned that, because appellant's plea of guilty was accepted for purposes of placing her on § 7411 status, she is deemed convicted under the CPLA even though that plea never resulted in an adjudication of guilt and the proceedings were ultimately dismissed. We disagree with the trial court's conclusion.

First, there is the question whether appellant's plea should be deemed "accepted." Appellant argues in part that a plea under § 7411 should be considered as having been taken under advisement, MCR 6.302(F). The cases cited by appellant, however, do not clearly establish that this is the appropriate procedure to be employed under § 7411, nor does the statute itself clearly establish whether such a plea is accepted or taken under advisement. Further, we do not have the benefit of a transcript of the 1996 plea proceeding itself to determine whether the trial judge in appellant's drug case formally accepted the plea or indicated that he was taking it under advisement. In any event, we do not believe that resolution of this case depends on whether a plea tendered in a § 7411 proceeding is formally accepted or is merely taken under advisement. In either event, appellant prevails. Accordingly, we shall proceed by assuming, without deciding, that the trial court in the 1996 criminal case did formally accept the plea.

MCL 333.7411(1) provides that if an individual fulfills the terms and conditions of probation imposed under § 7411, "the court shall discharge the individual and dismiss the proceedings." If the proceedings have been dismissed, then so has the acceptance of the guilty plea. Under the trial court's rationale, a defendant who pleads guilty to a felony, successfully moves to withdraw that plea after it is accepted, and goes to trial and is acquitted would be deemed to have been convicted of a felony under the CPLA because the plea had been accepted. The better view, in our opinion, is that once the proceedings are dismissed without an adjudication of guilt, so is the acceptance of the plea.

Indeed, a similar conclusion was reached by this Court in *People v Ridner*,[9] a case decided under the Youthful Trainee Act.[10] In *Ridner*, the defendant pleaded guilty of malicious destruction of property. The plea was accepted pending investigation of the defendant's qualification for youthful trainee status. The defendant was thereafter placed on youthful trainee status, which he did not successfully complete. After revoking the defendant's youthful trainee status, the trial court sentenced him on the malicious destruction charge. The defendant appealed, arguing that his plea had of necessity been set aside because youthful trainee status can only be granted before conviction and, therefore, he was entitled to a trial on the malicious destruction charge. This Court agreed, concluding that the plea must have been set aside in order to grant youthful trainee status and, because a

---

[9] 88 Mich App 249; 276 NW2d 575 (1979).
[10] MCL 762.11 et seq.

guilty plea once set aside is a nullity, there was no conviction on which to sentence the defendant. Indeed, this principle of a guilty plea being a nullity after it is set aside was accepted by the United States Supreme Court in *Kercheval v United States*,[11] which observed that " '[t]he withdrawal of a plea of guilty is a poor privilege, if, notwithstanding its withdrawal, it may be used in evidence under the plea of not guilty.' "[12]

We also note that the Legislature has amended MCL 762.11 and the statute now provides for the defendant to plead guilty before being placed on youthful trainee status. As with a proceeding under § 7411, when a person successfully completes the youthful trainee program, the proceedings are dismissed and the trainee "shall not suffer a civil disability or loss of right or privilege" because of the assignment to youthful trainee status.[13] In our view, this underscores the Legislature's design in these "second chance" statutes, both § 7411 and youthful trainee, to require a guilty plea that will automatically result in a conviction and sentencing upon failure by the defendant to successfully complete the program, while providing for the plea to be a nullity if the defendant does successfully take advantage of the second chance.

Under MCL 333.7411, once the probationer has successfully completed the rehabilitation program, the probationer is discharged and the charges are dismissed without an adjudication of guilt. Hence, the plea tendered is vacated at this point regardless of

---

[11] 274 US 220; 47 S Ct 582; 71 L Ed 1009 (1927).

[12] *Id.* at 224, quoting *White v Georgia*, 51 Ga 285, 289 (1874).

[13] MCL 762.14.

acceptance. In *People v Russell*,[14] a case that considered the effect of reversing a conviction based on a guilty plea, we observed:

> By reversing defendant's conviction on the ground that he was not properly advised of the consequences of pleading guilty, this Court vacated defendant's guilty plea. As was said in *People v George*, 69 Mich App 403, 407; 245 NW2d 65 (1976), *lv den* 399 Mich 857 (1977), "when a guilty plea is vacated it is a nullity. *People v Street*, [288 Mich 406, 408; 284 NW 926 (1939)], *Kercheval v United States*, [274 US 220, 224; 47 S Ct 582; 71 L Ed 1009 (1927)]. That means that everything that transpired pursuant to the guilty plea is a nullity." In rendering defendant's guilty plea a nullity, this Court could not have intended that the circuit court would reconsider the plea and give it new life.

In sum, while it may be said that there was an accepted plea of guilty had plaintiff not successfully completed her probation under § 7411, an adjudication of guilt entered, and appellant sentenced, that is not the case here. Here, she did successfully complete her probation and the proceedings were dismissed. Along with the charges, her guilty plea and the acceptance thereof (if any) were also dismissed. It is a nullity, as if it never happened.

Moreover, even if we were to regard appellant's guilty plea as still having the status of "accepted," it cannot be used to disqualify her from obtaining a concealed pistol license. MCL 333.7411(1) further provides as follows:

> Discharge and dismissal under this section shall be without adjudication of guilt and, except as provided in subsection (2)(b), is not a conviction for purposes of this section

---

[14] 149 Mich App 110, 116; 385 NW2d 613 (1985).

or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under section 7413.

MCL 333.7411(2) provides as follows:

The records and identifications division of the department of state police shall retain a nonpublic record of an arrest and discharge or dismissal under this section. This record shall be furnished to either or both of the following:

(a) To a court or police agency upon request for the purpose of showing that a defendant in a criminal action involving the possession or use of a controlled substance, or an imitation controlled substance as defined in section 7341, covered in this article has already once utilized this section.

(b) To the state department of corrections or a law enforcement agency, upon the department's or law enforcement agency's request, subject to all of the following conditions:

(i) At the time of the request, the individual is an employee of the department or the law enforcement agency or an applicant for employment with the department or the law enforcement agency.

(ii) If the individual is an employee of the department or the law enforcement agency, the date on which the court placed the individual on probation occurred after the effective date of the 2002 amendatory act that added this subdivision.

(iii) The record shall be used by the department of corrections or the law enforcement agency only to determine whether an employee has violated his or her conditions of employment or whether an applicant meets criteria for employment.

Thus, the Legislature was very clear that the only purpose for which a case dismissed under § 7411 may be used to establish a disqualification or disability

imposed by law upon conviction of a crime is to pre-
clude employment by the Department of Corrections
or a law enforcement agency. Therefore, the clear and
unambiguous language of § 7411(1) is that a proceed-
ing dismissed under that section following the suc-
cessful fulfillment of the terms and conditions of pro-
bation may not be used to establish a disqualification
or disability for obtaining a concealed pistol license
under the CPLA.

Furthermore, subsection 2(b) was added in 2002,
after the adoption of the amendments of the CPLA in
2001. Thus, the Legislature was aware of the CPLA
when it revisited § 7411 and explicitly established
what disabilities and disqualifications would follow
from successfully utilizing § 7411. The Legislature
could have included in the 2002 amendments of
§ 7411 provisions that a dismissal of proceedings
under that section could also be used to disqualify a
person from obtaining a concealed pistol license.
Instead, the Legislature made it clear that a dismissal
under § 7411 is to be treated as a conviction for pur-
poses of disabilities and disqualifications imposed by
law only for the very narrow purpose of determining
an individual's eligibility for employment by the
Department of Corrections or a law enforcement
agency.

For that matter, it is unclear to us how the board
even learned of appellant's § 7411 status. Appellant
states that she did not disclose it in her application
and MCL 333.7411(2) does not authorize disclosure of
the nonpublic record in this circumstance. Our only
clue is that the board's file on appellant's application
contains a printout of actions taken in the criminal
case. At the bottom is a handwritten note, apparently

written to the board, signed with the initials "CSW," which reads as follows: "Per Norm—This case is 'suppressed'—You still get the Record." It is unclear who "Norm" is and how he had access to a suppressed record. But what is clear is that under no circumstances should this supposed nonexistent information be considered, let alone relied on, as a basis to disqualify appellant from obtaining a concealed pistol license pursuant to MCL 28.425b(7).

MCL 333.7411(2) explicitly enumerates those very limited circumstances where disclosure of these nonpublic records is warranted. Under the plain language of MCL 333.7411(2) the board cannot be a recipient of such information. The board acted in contravention of MCL 333.7411(2) by using information that was neither in the public domain nor information it was entitled to consider. The procurement of the information is a questionable practice that implicates an abuse of governmental authority. The attainment and use of the information demeans the concept of rehabilitation, discredits the trial judge's selection of a candidate for rehabilitation, and undermines the aims of the criminal law. In short, what is clear is that, under the statute, "Norm" had no authority to tell "CSW" that the board should have the record, and the board, having improperly received the record, should never have considered it.

Moreover, where two statutes conflict, the specific statute prevails over the general statute. *In re Brown*.[15] Clearly, with respect to the use of a dismissed proceeding under § 7411, MCL 333.7411 is more specific than the general definition of "con-

---

[15] 229 Mich App 496, 501; 582 NW2d 530 (1998).

victed" under MCL 28.425b(16)(a). Thus, even assuming that the two statutes conflict, the specific provisions of § 7411 restricting the use of a dismissed proceeding under that statute to precluding employment in law enforcement and corrections must prevail over the more general definition of "convicted" under the CPLA, which includes the general categories of guilty pleas that have been accepted by the court.

Turning to the points raised in our dissenting colleague's short and to-the-point opinion, the dissent, *post* at 441-442, first incorrectly states that we acknowledge that appellant's guilty plea was accepted. Rather, our analysis merely assumes that the plea was accepted because it makes no difference whether the plea was accepted at the time it was tendered. Second, n 2 of the dissent is similarly inaccurate. Our colleague states that if the trial court had somehow dismissed the acceptance of appellant's guilty plea, appellant would not have received § 7411 status. The dismissal of the acceptance, if there even was an acceptance, only occurred after appellant successfully completed her § 7411 status, not before she received it. Third, the dissent incorrectly states that the Legislature "clearly wanted to keep concealed pistols out of the hands of hardcore drug abusers and other felons . . . ."[16] Had appellant actually pleaded guilty of *use* of a controlled substance,[17] she would only have been guilty of a misdemeanor, which would not preclude her from obtaining a concealed pistol license once three years had passed.[18]

---

[16] *Post* at 442.

[17] MCL 333.7404.

[18] MCL 28.425b(7)(i).

The circuit court did not address appellant's argument that the board violated MCL 28.425b(14) by failing to give her timely written notice of the basis of its decision to deny her application.[19] Appellant attended the hearing and received immediate verbal notification of the basis of the board's decision. She appealed the board's decision in a timely manner. MCL 28.425b(14) does not provide for the imposition of sanctions in the event that the board does not timely comply with the requirement that it furnish an applicant with written notice of the basis for its decision to deny an application. We conclude that any error was harmless.

Reversed and remanded to the circuit court for further proceedings consistent with this opinion and MCL 28.425d. We do not retain jurisdiction. Appellant may tax costs.

DONOFRIO, P.J., concurred.

O'CONNELL, J. (*dissenting*). I respectfully dissent. Appellant was "convicted" of a drug crime when the trial court accepted her guilty plea. MCL 28.425b(17)(a).[1] Therefore, MCL 28.425b(7)(f) does not allow her to receive a concealed pistol license.

The majority acknowledges this fact, but holds that the trial court somehow dismissed its acceptance of

---

[19] We choose to review the issue because it is a question of law and all the facts necessary for resolution of the issue have been presented. *Pro-Staffers, Inc v Premier Mfg Support Services, Inc*, 252 Mich App 318, 324; 651 NW2d 811 (2002).

[1] The Legislature recently rearranged the statute, so the relevant definition is now found in MCL 28.425b(17)(a) rather than MCL 28.425b(16)(a). The substance of the definition remains the same and states, " 'Convicted' means . . . a plea of guilty or nolo contendere if accepted by the court . . . ."

her guilty plea.[2] MCL 333.7411. Because the law requires me to read and apply the law according to its straightforward meaning, I must conclude that dismissing the postponed proceedings only affected the trial court's future actions, not actions already taken. Appellant still pleaded guilty under § 7411 and the trial court did in fact accept the plea. Nothing else is required under the statute. Appellant cannot undo the trial court's acceptance of her guilty plea any more than she can unring a bell.[3] Lawmakers clearly wanted to keep concealed pistols out of the hands of hardcore drug abusers and other felons when they designed the licensing laws.[4] I would affirm the decision of the trial court.

---

[2] If this were true, appellant would not have received § 7411 status.

[3] Because the concealed pistol licensing act (CPLA), MCL 28.421 *et seq.*, uniquely defines "convicted" to include a plea of guilty that is accepted by a court, the majority's nullity and acceptance revocation theories are similar to unringing a bell once it has been rung. The CPLA does not provide for such legal fictions or any similar exceptions.

[4] The Midland County Concealed Weapons Licensing Board's discovery of appellant's § 7411 plea and its acceptance is not an issue raised in appellant's brief or at oral arguments. It appears for the first time in the majority opinion.