# STATE OF MICHIGAN

# COURT OF APPEALS

CLARE BRANDON SMITH,

        Plaintiff-Appellant,

v.

MACOMB COUNTY CONCEALED WEAPONS
BOARD,

        Defendant-Appellee.

UNPUBLISHED
March 1, 2016

No. 323696
Macomb Circuit Court
LC No. 2014-002560-AA

Before: STEPHENS, P.J., and HOEKSTRA and SERVITTO, JJ.

PER CURIAM.

Plaintiff appeals as of right the circuit court order affirming defendant's decision limiting the restoration of his right to possess firearms. We affirm.

The facts are uncontested. Plaintiff was convicted of felonies, was incarcerated, and completed his obligations to the state stemming from those convictions some years ago. He petitioned defendant to restore his right to possess firearms under MCL 28.424.[1] Defendant

---

[1]Before an amendment effective December 1, 2015, MCL 28.424 provided in pertinent part:

> (1) A person who is prohibited from possessing, using, transporting, selling, purchasing, carrying, shipping, receiving, or distributing a firearm under section 224f(2) of the Michigan penal code, 1931 PA 328, MCL 750.224f, may apply to the concealed weapons licensing board in the county in which he or she resides for restoration of those rights.

> * * *

> (4) The concealed weapons licensing board shall, by written order of the board, restore the rights of a person to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm . . . if the board determines, by clear and convincing evidence, that all of the following circumstances exist:

-1-

granted plaintiff's request to restore his firearms ownership privileges but limited those privileges to certain types of firearms. Defendant notified plaintiff that "a State of Michigan restoration of rights does not restore your rights federally to purchase or possess a firearm . . . . However, since the approval by the Gun Board restored your rights within the State of Michigan, you have gained the privilege of possessing weapons that are not defined as firearms under federal law, but are defined as firearms under Michigan law." Specifically, plaintiff was notified that he could now legally possess pellet guns, muzzle loaders and black powder guns, but he was still barred under federal law from possessing modern firearms. Plaintiff appealed to the circuit court, which affirmed defendant's decision.

In this appeal, plaintiff again argues that the limitations to the restoration of his firearms privileges were an improper application of federal law. We disagree.

As a preliminary matter, defendant argues that this Court does not have jurisdiction to hear this appeal as of right. MCR 7.203(A)(1)(a) provides, in pertinent part, that this Court has jurisdiction over an appeal of right filed from a final judgment or final order of the circuit court, except a judgment or order of the circuit court on appeal from any other court or tribunal. We determine that defendant is not a tribunal for the purposes of MCR 7.203(A)(1)(a) and thus we have jurisdiction to hear this claim of appeal. See, e.g., *Carr v Midland Co Concealed Weapons Licensing Bd*, 259 Mich App 428, 432; 674 NW2d 709 (2003)(reviewing a lower court's review of "an agency decision [county concealed weapons licensing board] for clear error.").

This Court reviews a lower court's review of an agency decision to determine "whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Boyd v Civil Serv Comm*, 220 Mich App 226, 234; 559 NW2d 342 (1996). This standard of review is the same as a "clearly erroneous" standard of review. *Id*. at 234-235. A finding is considered to be clearly erroneous when, "on review of the whole record, this Court is left with the definite and firm conviction that a mistake has been made." *Id*. at 235.

(a) The person properly submitted an application for restoration of those rights as provided under this section.

(b) The expiration of 5 years after all of the following circumstances:

(i) The person has paid all fines imposed for the violation resulting in the prohibition.

(ii) The person has served all terms of imprisonment imposed for the violation resulting in the prohibition.

(iii) The person has successfully completed all conditions of probation or parole imposed for the violation resulting in the prohibition.

(c) The person's record and reputation are such that the person is not likely to act in a manner dangerous to the safety of other persons.

Under federal statute 18 USC 922(g)(1), it is unlawful for a person convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess a firearm. The term "crime punishable by imprisonment for a term exceeding one year" is explained in 18 USC 921(a)(20):

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

According to defendant, the full restoration of plaintiff's right to possess firearms is not possible under these federal statutes because, even though plaintiff's right to possess firearms was restored under Michigan law, his civil rights were not fully restored. Notably, he is still prohibited from carrying a concealed weapon under MCL 28.425b(7)(f).

This prohibition has been found to prevent a felon from possessing a firearm under federal law. In *United States v Kenny*, 375 F Supp 2d 622, 625-626 (ED Mich 2005), the federal district court found that the defendant's "three prior felony convictions, although decades old, would prevent him from possessing concealed weapons under Michigan law even if he were to qualify to have his civil right to possess firearms otherwise restored" and thus he was ineligible to possess a firearm under federal law. *Id*. The Court reasoned:

> In *Caron v United States*, 524 US 308; 118 S Ct 2007; 141 L Ed 2d 303 (1998), the Supreme Court held that a restriction of the right to possess handguns outside a home or business triggered the "unless" clause [in 18 USC 921(a)(20)] because it constituted a restriction of a person's right to "ship, transport, possess, or receive firearms" within the meaning of Section [§] 921(a)(20). The Court adopted an "all-or-nothing" approach: "The unless clause is activated if a restoration of civil rights 'expressly provides that the person may not . . . possess . . . firearms.' Either the restorations forbade possession of 'firearms' and the convictions count for all purposes, or they did not and the convictions count not at all." *Id*. at 314 (citation omitted).
>
> Another judge in this district has held that Michigan's restriction against felons possessing *concealed* weapons, despite the fact the such felon may have had his civil right to possess weapons restored for other purposes, activates the "unless" clause for the purpose of the federal firearm disqualification in 18 USC 922(g)(1). *See United States v Brown*, 69 F Supp 2d 925 (ED Mich 1999) (Rosen, J.). The Court agrees that the conclusion flows inevitably from the Supreme Court's reasoning in *Caron*, since "[a]s to the possession of weapons, . . . the Federal Government has an interest in a single, national, protective policy, broader than required by state law." *Caron*, 524 US at 316. [*Kenny*, 375 F Supp 2d at 625-626.]

Thus, because plaintiff's firearms privileges have not been fully restored under Michigan law, he is ineligible to possess a firearm under federal law.

Plaintiff attempts to draw an analogy between his situation and that of a medical marijuana user under the Michigan Medical Marijuana Act (MMMA), MCL 333.26426  As plaintiff notes, a person cannot be prosecuted for the possession of marijuana in Michigan if he or she has a medical marijuana card and is in compliance with the MMMA but that same person can be prosecuted for possession under federal law. 21 USC 841.  However, this analogy is flawed.  Plaintiff's firearm restriction arises from his felony convictions and certain civil rights that are restricted because of those convictions.  In the case of a medical marijuana user, presumably there is no limitation on the user's civil rights.

Finally, we note that after the circuit court hearing was conducted on this case, the Sixth Circuit held:  "It would be preferable for both state and federal courts to expressly inform felons of their legal disability; where a statute specifically targets a subclass of citizens, those citizens may be unlikely to learn of the prohibition from others." *United States v Young*, 766 F3d 621, 630 (CA 6, 2014).  Defendant's actions comply with the *Young* ruling.  Because plaintiff's rights were restored under Michigan law, he cannot be prosecuted under state law for possessing a modern firearm under MCL 750.224f, but he could potentially be prosecuted for such possession under 18 USC 922(g)(1).  Defendant properly informed plaintiff of that possibility.

Affirmed.


/s/ Cynthia Diane Stephens
/s/ Joel P. Hoekstra
/s/ Deborah A. Servitto

-4-