*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN OPEN CARRY, INC.,

        Plaintiff-Appellant,

v

DEPARTMENT OF STATE POLICE,

        Defendant-Appellee.

UNPUBLISHED
February 7, 2019

No.  344936
Court of Claims
LC No.  18-000058-MZ

Before:  CAMERON, P.J., and BECKERING and RONAYNE KRAUSE, JJ.

PER CURIAM.

In this Freedom of Information Act (FOIA)[1] action, plaintiff, Michigan Open Carry, Inc., appeals the trial court's order granting summary disposition in favor of defendant, Department of State Police ("the Department") under MCR 2.116(C)(10).  We affirm.

On September 28, 2017, plaintiff, through its president, Tom Lambert, submitted a FOIA request to the Department, stating:

> I am hereby requesting an opportunity to inspect or obtain copies of public records.  I am hereby requesting the following from the Michigan Department of State Police:
>
> **-A list of expenditures made by the Department of State Police from money received under the Firearms Act (1927 PA 372, MCL 28.421 et. seq.), regardless of purpose, between October 1, 2015 to September 30, 2016.**

---

[1] MCL 15.231 *et seq*.

The request continued:

> For your convenience, please note that this information is required by law to be posted to the Department's website per section 5e of 1927 PA 372, MCL 28.425(e)(5)(m).

The request also quoted the aforementioned statute, which provides that "[t]he department of state police shall . . . post on the department of state police's internet website, an annual report setting forth all of the following information . . . ," including "[a] list of expenditures made by the department of state police from money received under this act, regardless of purpose." MCL 28.425e(5); MCL 28.425e(5)(m).

On October 11, 2017, the Department responded to plaintiff's FOIA request. The response stated: "Your request is granted. The records you have requested are available on the department's website . . . ." The response also provided the relevant link to the reports.[2] Page three of the relevant report contained two lists; the first list specified the revenue collected from concealed pistol licenses (CPL) and the second contained five categories of expenditures made from money received from CPL application fees. Plaintiff replied to the Department, explaining that it was appealing because it did not believe it was provided with the requested documentation. It wrote:

> In my request I explicitly requested along with a full statutory reference to and quote of the related reporting requirement in section 5e of the Firearms act:
>
> **-A list of expenditures made by the Department of State Police from money received under the Firearms Act (1927 PA 372, MCL 28.421 et. seq.), regardless of purpose, between October 1, 2015 to September 30, 2016.**
>
> The link you provided in your response . . . does not direct one to a list of expenditures in a particular date range, but rather to a list of annual reports on Concealed Pistol Licenses dating back to 2013.
>
> With respect to the link you provided, I will say that I have already looked through these reports many times and that it was the lack of inclusion of information I seek that triggered this FOIA request.
>
> In order to avoid any possible confusion going forward, please note that I am **not** requesting a list of reports. I am not requesting a summary of expenditures, nor am I requesting a list of expenditure categories. I am specifically looking for a **list of expenditures** as provided for in MCL 28.425e(5)(m).

---

[2] Michigan State Police, *Concealed Pistol Licenses (CPL) Reports* <https://www.michigan.gov/msp/0,4643,7-123-1878_1591_3503_4654-77621--,00.html> (accessed October 23, 2018).

The Department denied plaintiff's appeal.

Plaintiff filed a complaint in the Court of Claims alleging that the Department wrongfully withheld the requested information, or, in the alternative, that the Department violated FOIA by not disclosing that the requested information did not exist. The Department moved for summary disposition, arguing that it granted the FOIA request or, to the extent plaintiff was unhappy with the information received, plaintiff failed to sufficiently describe the information it desired. On August 3, 2018, the Court of Claims granted the Department's motion, finding that it provided plaintiff with the information it requested. The trial court recognized that the parties' differing interpretations of MCL 28.425e(5)(m) was at the heart of the dispute; however, the trial court declined to address the proper interpretation of the statute, concluding that a FOIA lawsuit was not the proper avenue to challenge the Department's interpretation of and compliance with a separate disclosure statute. It also dismissed plaintiff's alternative count, concluding that the list of expenditures in accordance with MCL 28.425e(5)(m) existed, and therefore, the Department was under no obligation to inform plaintiff that the records at issue did not exist.

On appeal, plaintiff first argues that the Court of Claims erred when it refused to render an opinion on the proper interpretation of MCL 28.425e(5)(m). We disagree.

The concealed pistol licensing act (CPLA),[3] MCL 28.421 *et seq*., is at the heart of this appeal. The CPLA contains licensing requirements for persons who wish to obtain a CPL permit. See MCL 28.425b. One requirement is that the CPL applicant pay a licensing fee. MCL 28.425b(5). Under the CPLA, the Department is also required to create and maintain a computerized database of CPL-related information; specifically, MCL 28.425e(5)(m) requires that the Department post on its website "[a] list of expenditures made by the department of state police from money received under [the CPLA], regardless of purpose." Plaintiff requested this "list of expenditures" in its FOIA request.

Plaintiff argued that instead of a "list of expenditures" the Department provided it with "an overly vague summary or compilation of expenditures," while the Department maintains that it supplied plaintiff with what it requested—the list of expenditures the Department compiles and publishes in accordance with MCL 28.425e(5)(m). The trial court declined to interpret the statute, finding that plaintiff did not demonstrate that a FOIA lawsuit was "the proper avenue for contesting an agency's interpretation of a statute" or that an agency "must adopt [a] requestor's interpretation of a separate disclosure statute" when responding to a FOIA request. It recognized that "adopting plaintiff's position would essentially allow plaintiff to use FOIA to force defendant to acquiesce to plaintiff's interpretation of the statute," and concluded that the issue was "better left to an action for declaratory or injunctive relief."

Plaintiff contends that it did seek declaratory relief, noting that its complaint requested the court to "enter an order pursuant to *Lash v Traverse City*, 479 Mich 180[; 735 NW2d 628]

---

[3] Both plaintiff and the Court of Claims referred to MCL 28.421 *et seq*. as "the Firearms Act." However, it is commonly referred to as the concealed pistol licensing act (CPLA). See *Carr v Midland Co Concealed Weapons Licensing Bd*, 259 Mich App 428, 430; 674 NW2d 709 (2003).

(2007) commanding [the Department] to comply with MCL 28.425e(5)(m) . . . ." In *Lash*, the plaintiff sued the defendant city over the legality of residency requirements for public employment. *Lash*, 479 Mich at 182. Our Supreme Court considered whether the plaintiff could maintain a private cause of action for money damages, even though the applicable statute, MCL 15.602, did not provide for one, based on the plaintiff's argument that the cause of action was a necessary "mechanism to enforce the act." *Id*. at 191. The Court held that the plaintiff could not maintain a private cause of action for money damages. *Id*. at 197. However, it noted that the "[p]laintiff could enforce the statute by seeking injunctive relief pursuant to MCR 3.310, or declaratory relief pursuant to MCR 2.605(A)(1)." *Id*. at 196. In this case, although plaintiff argues that the Department violated FOIA, it also alleges that the Department separately violated MCL 28.425e(5)(m) by not publishing an adequate "list of expenditures," and that the violation "can be remedie[d] by *Lash*-authorized relief."

However, in declining to interpret the terms of MCL 28.425e(5)(m), the Court of Claims observed that plaintiff had not "attempted to examine the statutory language in any meaningful way," and it declined to "make any argument on plaintiff's behalf." See *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 633; 752 NW2d 479 (2008). After review of the amended complaint and the lower court record, we also conclude that plaintiff failed to argue that the Department violated MCL 28.425e(5)(m). In addition, we agree that it is not the court's duty to make arguments on behalf of plaintiff. See *VanderWerp*, 278 Mich App at 633. Further, the only argument in the record challenging the interpretation of the statute is plaintiff's conclusory statement that "sum aggregates are not a 'list of expenditures.' "

Our Supreme Court has explained that "[i]t is not the remedy that supports the cause of action, but rather the cause of action that supports a remedy." *Henry v Dow Chem Co*, 473 Mich 63, 96-97; 701 NW2d 684 (2005) (quotation marks and citation omitted). Simply because plaintiff relies on a case in its complaint that mentions enforcement of the statute via a claim for declaratory or injunctive relief, *Lash*, 479 Mich at 196, does not mean that it adequately pleaded a cause of action that supports that relief. Because plaintiff did not allege in its complaint that the Department violated MCL 28.425e(5)(m) or offer any meaningful argument regarding its interpretation, we conclude that the trial court did not err in refusing to decide the issue.

Next, plaintiff argues that the trial court erred by granting summary disposition in favor of the Department. A trial court's decision on a motion for summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

> A motion under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion. Where the proffered evidence fails to establish a genuine issue regarding any material fact, the moving party is entitled to judgment as a matter of law. [*Maiden*, 461 Mich at 120.]

"As with all statutes, the proper interpretation and application of FOIA is a question of law that we review de novo." *Rataj v Romulus*, 306 Mich App 735, 747; 858 NW2d 116 (2014). However, "the clear error standard of review is appropriate in FOIA cases where a party

-4-

challenges the underlying facts that support the trial court's decision." *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 472; 719 NW2d 19 (2006).

"The purpose of FOIA is to provide to the people of Michigan 'full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees,' thereby allowing them to 'fully participate in the democratic process.' " *Amberg v Dearborn*, 497 Mich 28, 30; 859 NW2d 674 (2014), quoting MCL 15.231(2). "[U]pon providing a public body's FOIA coordinator with a written request that describes a public record sufficiently to enable the public body to find the public record, a person has a right to inspect, copy, or receive copies of the requested public record of the public body." MCL 15.233(1). "The general thrust of the FOIA is strongly prodisclosure." *Coalition Protecting Auto No-Fault v Mich Catastrophic Claims Ass'n (On Remand)*, 317 Mich App 1, 35; 894 NW2d 758 (2016).

The Department contends that it granted plaintiff's FOIA request. However, as the Court of Claims recognized, how the Department characterizes the request is not dispositive or binding on the courts. See *King v Mich State Police Dep't*, 303 Mich App 162, 189; 841 NW2d 914 (2013). We must focus on the effect of the public body's response to determine whether it sufficiently granted the FOIA request.

Plaintiff requested "[a] list of expenditures made by the Department of State Police from money received under the Firearms Act (1927 PA 372, MCL 28.421 et. seq.), regardless of purpose, between October 1, 2015 to September 30, 2016." The request also stated, "For your convenience, please note that this information is required by law to be posted to the Department's website per Section 5e of 1927 PA 372, MCL 28.425e(5)(m)," and the request quoted the statutory provision in full. The Department responded by directing plaintiff to its website, where it releases annual CPL reports that it publishes as required by MCL 28.425e(5).

Plaintiff maintains that the information provided constitutes "vague totals of expenditures" instead of the "list" that it requested. The Court of Claims rejected this argument, finding that it rested on plaintiff's own interpretation of MCL 28.425e(5)(m)—an interpretation that plaintiff was aware the Department did not share. The court found that in making the request, plaintiff "essentially told defendant that it disagreed with defendant's interpretation of MCL 28.425e(5)(m)." The Court of Claims concluded that the Department "responded in a manner that was consistent with its interpretation of the statutory disclosure requirements, i.e., by responding with the information it had already posted to its website, purportedly in compliance with MCL 28.425e(5)(m)." Therefore, "plaintiff received exactly what it requested: the list of expenditures defendant published in conjunction with its obligation under MCL 28.425e(5)(m)."

We agree with the trial court and conclude that the Department sufficiently granted the FOIA request. Plaintiff requested "a list of expenditures" that was "required by law to be posted to the Department's website per" MCL 28.425e(5)(m). It quoted the statute in making the request. The Department provided plaintiff with a link to a website containing what it maintains is a "list of expenditures" made in accordance with MCL 28.425e(5)(m). Plaintiff expressed displeasure and stated that it was not looking for "a list of reports," "a summary of expenditures," or "a list of expenditure categories," but continued, "I am specifically looking for a list of expenditures as provided for in MCL 28.425e(5)(m)." The Department furnished this

list, which plaintiff believed was deficient. However, its view that the "list" is not in compliance with another statute does not render the Department's action a violation of FOIA. We affirm because we are not left "with the definite and firm conviction that a mistake has been made by the trial court." *Herald*, 475 Mich at 472.

Plaintiff further argues that FOIA was violated because it did not ask for the CPL report, but instead asked for "information," i.e., the "list of expenditures." This argument is without merit. MCL 15.234(5) states that "[i]f the FOIA coordinator knows or has reason to know that all or a portion of the requested information is available on its website, the public body shall notify the requestor in its written response that all or a portion of the requested information is available on its website." Plaintiff requested the list of expenditures that the Department publishes on its website based on its understanding of MCL 28.425e(5)(m); therefore, the Department's notice to plaintiff that the information it sought was already on its website and contained in the CPL reports was not a violation of FOIA.

We also agree with the Department's assertion that to the extent that plaintiff desired different information, it failed to sufficiently describe the information it was seeking. Under FOIA, a "request need not specifically describe the records containing the sought information; rather, a request for information contained in the records will suffice." *Detroit Free Press, Inc v Southfield*, 269 Mich App 275, 281; 713 NW2d 28 (2005). However, it must be sufficient to enable the public body to find the public record and identify the documents. MCL 15.233(1); *Coblentz v Novi*, 475 Mich 558, 571-572; 719 NW2d 73 (2006). In this case, plaintiff's request was sufficient to enable the Department to provide a link to its CPL reports where it published information as required by MCL 28.425e(5)(m). If plaintiff desired more specific information, such as "line-by-line" or "dollar-by-dollar" records, it could have made its FOIA request more specific. See *Wallick v Agricultural Mktg Serv*, 281 F Supp 3d 56, 68 (D DC, 2017) ("Agencies must interpret FOIA requests liberally and reasonably, but they need not extend the meaning of the request to include things not asked for.").

Plaintiff next argues that the trial court also erred by dismissing its alternatively pleaded allegation, labeled its "*Hartzell* Claim." In *Hartzell v Mayville Community Sch Dist*, 183 Mich App 782, 787; 455 NW2d 411 (1990), this Court concluded that under FOIA an agency must not only produce an existing document, but must also disclose that a requested document does not exist as part of the required disclosure. If a requestor must bring a lawsuit in order to discover that a document does not exist, the plaintiff will be deemed a prevailing party and may be awarded costs and attorney fees. *Id*. at 788-789. In this case, plaintiff contends that "in the unlikely event [the] responsive records do not actually exist," it should prevail under a similar theory. However, the Department did not "remain silent, knowing that a requested record does not exist," forcing plaintiff to "to file a lawsuit in order to ascertain that the document does not exist." *Hartzell*, 183 Mich App at 787. Instead, as the Court of Claims found, the Department responded to the request, taking the position that it granted and fulfilled it as submitted, and never alleged that the responsive records did not exist. The trial court did not err by dismissing this claim.

Finally, plaintiff argues that the trial court erred when it granted the Department's motion for summary disposition before the close of discovery. "A motion under MCR 2.116(C)(10) is generally premature if discovery has not been completed unless there is no fair likelihood that

further discovery will yield support for the nonmoving party's position." *Liparoto Const, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33-34; 772 NW2d 801 (2009). A party opposing a MCR 2.116(C)(10) motion on the ground that discovery is incomplete must assert that a factual dispute exists and provide independent evidence to support the allegation. *Bellows v Del McDonald's Corp*, 206 Mich App 555, 561; 522 NW2d 707 (1994). In accordance with MCR 2.116(H)(1) and *Coblentz*, 475 Mich at 570-571, plaintiff provided an affidavit contending that one of the Department's employees had knowledge of the existing records.

Plaintiff's position is premised on its erroneous assumption that it was correct about the scope of its FOIA request. However, because we conclude that the Department sufficiently complied with the FOIA request, discovery does not stand a reasonable chance of uncovering factual support for plaintiff's position. *Peterson Novelties, Inc v Berkley*, 259 Mich App 1, 25; 672 NW2d 351 (2003). Therefore, summary disposition was not premature.

Even when viewing the evidence in the light most favorable to plaintiff, there is no genuine issue of material fact. Therefore, we conclude that the trial court did not err by granting the Department's motion for summary disposition.

Affirmed.

/s/ Thomas C. Cameron
/s/ Jane M. Beckering
/s/ Amy Ronayne Krause