*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CARMEN CHIRL TOLONEN,

Defendant-Appellant.

FOR PUBLICATION
March 21, 2024
9:15 a.m.

No. 366417
Marquette Circuit Court
LC No. 2019-058321-FH

Before: GADOLA, C.J., and K. F. KELLY and MURRAY, JJ.

PER CURIAM.

Defendant pleaded guilty to possession of methamphetamine, MCL 333.7403(2)(b)(*i*). The trial court deferred the proceedings and placed defendant on probation under MCL 333.7411. After the probationary term expired, the trial court determined that defendant had violated the terms of her probation, and it revoked her deferred-adjudication status and entered a judgment of sentence. Defendant now appeals by leave granted. For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Defendant was charged with multiple drug-possession offenses after police officers discovered various drug paraphernalia, two of which contained residue of drugs, when they searched her backpack during a traffic stop. Defendant and the prosecutor reached a plea agreement under which, in exchange for defendant pleading guilty to possession of methamphetamine, the remaining charge would be dismissed.[1] The trial court accepted defendant's guilty plea. At sentencing on October 16, 2019, all of the parties agreed that defendant was a good candidate for sentencing pursuant to MCL 333.7411(1), which allows a trial court to

---

[1] The remaining charge that was dismissed was possession of less than 25 grams of a controlled substance, MCL 333.7403(2)(a)(*v*). Several other charges in Lower Court Docket Nos. 18-1872-FH and 18-5571-SI were also dismissed in exchange for defendant's guilty plea. Lower Court Docket Nos. 18-1872-FH and 18-5571-SI are not at issue on appeal.

place an offender on probation and defer entering an adjudication of guilt in cases involving certain controlled substance offenses. On October 22, 2019, the trial court issued orders placing defendant on probation for 12 months and deferring an adjudication of guilt in accordance with MCL 333.7411. On November 5, 2020, upon the request of defendant's probation officer, the trial court issued an order extending the term of defendant's probation by 12 months.

On February 1, 2021, defendant's probation officer filed a request and summons for probation violation, alleging that defendant violated the terms of her probation by failing to report to him on January 12, 2021. Soon after, defendant filed a motion to dismiss the alleged probation violation and discharge her from probation. Relying on *People v Vanderpool*, 505 Mich 391; 952 NW2d 414 (2020), defendant argued that the trial court did not have continued jurisdiction to extend her probation because her probation period had expired prior to the court's order attempting to amend it, so she was no longer on probation after October 22, 2020, and was therefore no longer required to report to her probation officer. Defendant argued that, because it no longer had jurisdiction, the trial court was obligated to discharge her from probation and dismiss her possession charge. In its response, the prosecution argued that *Vanderpool* was distinguishable because defendant had been placed on probation with a deferred sentence pursuant to MCL 333.7411(1), whereas the defendant in *Vanderpool* had been sentenced and subsequently placed on probation pursuant to MCL 771.1. The prosecution further asserted that defendant was not automatically entitled to a dismissal of her charge under MCL 333.7411 merely because her probationary period had expired.

After several hearings were held to address the issue, all of the parties agreed that, pursuant to *Vanderpool*, 505 Mich at 397, 403-405, the trial court did not have continued jurisdiction to modify defendant's probationary period after the fixed probationary term had expired and, as a result, could not proceed on the January 2021 probation violation. However, the trial court concluded that it maintained jurisdiction to proceed with sentencing pursuant to MCL 333.7411(1), reasoning that MCL 333.7411 "contemplate[d] continued jurisdiction such that some action is necessary to close the matter, either a dismissal or a non-dismissal and an entry of a conviction." The court, after reviewing the evidence of defendant's noncompliance with the original probation order, held that defendant did not comply with the terms of probation and adjudicated her guilty.[2]

This appeal followed.

## II. ANALYSIS

Resolution of the issue on appeal hinges on the interpretation of MCL 333.4711. "This Court reviews de novo questions of both statutory interpretation and constitutional law." *Vanderpool*, 505 Mich at 397 (citations omitted). "The purpose of statutory interpretation is to give effect to the intent of the Legislature. If a statute is clear, we enforce it as plainly written. However, if a statute is susceptible to more than one interpretation, we must engage in judicial

---

[2] Defendant failed to appear at the June 3, 2021 hearing as well as a subsequent hearing on June 25, 2021, so the trial court issued a bench warrant. Defendant was not arrested on the bench warrant until December 7, 2022.

construction and interpret the statute." *People v Parker*, 319 Mich App 410, 414; 901 NW2d 632 (2017) (quotation marks and citation omitted).

As in the trial court, on appeal defendant argues that the trial court no longer had jurisdiction after her probationary period expired on October 22, 2020, and therefore did not have the authority to discharge her unsuccessfully from probation and enter an adjudication of guilt on December 20, 2022. Instead, pursuant to *Vanderpool*, the trial court was automatically required to discharge defendant from probation and dismiss the charges against her in accordance with MCL 333.7411(1).

MCL 333.7411(1) permits a trial court to defer entering a judgment of guilt while placing a defendant on probation in cases involving certain controlled substances, and it provides:

> When an individual who has not previously been convicted of an offense under this article or under any statute of the United States or of any state relating to narcotic drugs, coca leaves, marihuana, or stimulant, depressant, or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under section [MCL 333.7403(2)(a)(*v*)], [MCL 333.7403(2)(b), (c), or (d)], or of use of a controlled substance under [MCL 333.7404], or possession or use of an imitation controlled substance under [MCL 333.7341] for a second time, the court, without entering a judgment of guilt with the consent of the accused, may defer further proceedings and place the individual on probation upon terms and conditions that shall include, but are not limited to, payment of a probation supervision fee as prescribed in section 3c of chapter XI of the code of criminal procedure, 1927 PA 175, MCL 771.3c. The terms and conditions of probation may include participation in a drug treatment court under chapter 10A of the revised judicature act of 1961, 1961 PA 236, MCL 600.1060 to 600.1084. Upon violation of a term or condition, the court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the individual and dismiss the proceedings. Discharge and dismissal under this section shall be without adjudication of guilt and, except as otherwise provided by law, is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime, including the additional penalties imposed for second or subsequent convictions under [MCL 333.7413]. There may be only 1 discharge and dismissal under this section as to an individual.

In *Vanderpool*, 505 Mich at 404, the Court held that a trial court may modify a term of probation by either extending or discharging the term, but it must do so before the term of probation expires. If a trial court fails to extend the term of probation on or before its expiration date, then probation terminates and the trial court has no continued authority to modify it. *Id*. at 403-405.

The text of MCL 333.7411 does not address how a trial court must proceed if the probationary period expires before it determines whether an adjudication of guilt is warranted. Moreover, the holding in *Vanderpool*, see 505 Mich at 395, 397-398, specifically relates to terms of probation imposed pursuant to MCL 771.1, under which a defendant's guilt has already been adjudicated before the probationary period begins; it does not address probation pursuant to MCL

333.7411, under which a defendant's guilt has *not* been adjudicated prior to or during the probationary period. This Court, however, has previously interpreted MCL 333.7411 and explained how deferral and probation under the statute operates:

> In deferral proceedings under MCL 333.7411(1), an individual either pleads guilty or is found guilty of certain controlled substance offenses. The trial court does not adjudicate guilt when the plea is tendered. Instead, the trial court defers proceedings and places the individual on probation. If the individual complies with the terms of probation, the trial court discharges the individual without an adjudication of guilt and dismisses the proceedings. If the individual fails to fulfill the terms of probation, the trial court enters an adjudication of guilt. [*People v Benjamin*, 283 Mich App 526, 530; 769 NW2d 748 (2009).]

See also *Carr v Midland Co Concealed Weapons Licensing Bd*, 259 Mich App 428, 432-433, 435; 674 NW2d 709 (2003). "The apparent purpose of the statute is to grant trial courts discretion to provide an ultimately noncriminal sanction for first-time offenders who commit less serious drug crimes." *People v Ware*, 239 Mich App 437, 441; 608 NW2d 94 (2000).

We conclude that the trial court maintained jurisdiction over defendant after the probationary period expired and had the authority to unsuccessfully discharge defendant from probation and enter an adjudication of guilt. While the trial court could no longer modify defendant's term of probation after October 22, 2020, unlike the defendant in *Vanderpool*, defendant's case had not been adjudicated; rather, adjudication had been deferred so that defendant could participate in a probation program pursuant to MCL 333.7411(1). See *Vanderpool*, 505 Mich at 403-405. Although the trial court lacked jurisdiction to modify defendant's term of probation, the trial court was still required to determine whether defendant was entitled to receive the intended benefit of MCL 333.7411(1): discharge from probation and dismissal of the charge.

Defendant contends that because the trial court was required to discharge her from probation, it was also required to dismiss her charge. Defendant fails to acknowledge, however, that whether she obtained a dismissal was contingent on her *successful* completion of probation. See *Benjamin*, 283 Mich App at 530; *Carr*, 259 Mich App at 432-433, 435. MCL 333.4711(1) required the trial court to first determine whether defendant had fulfilled the terms of her probation during the 12-month period before it could either dismiss the charge or enter an adjudication of guilt. The trial court determined that defendant had failed to fulfill the terms of her probation and, pursuant to MCL 333.4711(1), a guilty plea "will automatically result in a conviction and sentencing upon failure by the defendant to successfully complete the program[.]" *Carr*, 259 Mich App at 435. To dismiss the charge despite defendant's failure to comply with the terms of her probation would contradict the clear intent of MCL 333.7411 and grant defendant a significant benefit that she did not actually earn. See *Carr*, 259 Mich App at 432-433, 435; *Benjamin*, 283 Mich App at 530.

Affirmed.

/s/ Michael F. Gadola
/s/ Kirsten Frank Kelly
/s/ Christopher M. Murray

-4-